[No. 1548.  Decided November 8, 1894.]

HENRY HOWARD, *Respondent*, v. MRS. M. GEMMING ET AL.,
*Appellants.*

CHATTEL MORTGAGES—EVIDENCE—PROOF OF EXECUTION—MORT-
GAGE OF STOCK OF GOODS—SUFFICIENCY—RIGHTS OF SUBSE-
QUENT MORTGAGEES—PRIORITIES.

A certified copy of the record of a mortgage is admissible in evi-
dence, and is sufficient proof of the execution of the mortgage,
when the certificate of acknowledgement to the mortgage is regular
in form and states that the instrument had been duly executed by
the mortgagor.

The facts that a description of a stock of goods contained in a
chattel mortgage is indefinite, that the goods had been removed to
another location in the city subsequent to the execution of the mort-
gage, that sales were made without any application of the proceeds
to the payment of the mortgage note, and that the mortgage did not
in terms apply to goods subsequently purchased and added to the
stock, will not render the mortgage void as to subsequent purchasers,
nor as to additions to the stock made by them, when it appears that
such purchasers had actual notice of the rights of the mortgagee,
continually recognized the validity of the mortgage by making pay-
ments thereon, and commingled goods subsequently purchased
with those previously mortgaged in such a way that the same could
not be distinguished or separated.

Although the description of property contained in a chattel mort-
gage may be too indefinite to afford sufficient constructive notice

to subsequent incumbrancers to put them on inquiry, yet where such mortgage is in fact valid and binding between the parties, it is entitled to priority over a subsequent mortgage given for a pre-existing debt.

*Appeal from Superior Court, Spokane County.*

*Forster & Wakefield* and *Allen' & Hilgard*, for appellants.

*Richardson & Gallagher* and *Herman D. Crow*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—One Schoenberg was the owner of a drug store, situated at No. 205 Sprague street, in the city of Spokane, and he sold the stock of goods, together with the fixtures used in connection with said business, to one William D. Everhart, who, with J. E. Everhart and Charles F. Helme, executed to him a promissory note in part payment thereof for the sum of two thousand dollars, and, to secure the same, said William D. Everhart, on the 14th day of May, 1891, also executed a chattel mortgage to said Schoenberg upon the property purchased. The description contained in the mortgage was as follows :

" All of his furniture and stock of merchandise consisting principally of show cases, counters, fixtures, office safe, electric fixtures, etc., which cost not less than (3500) thirty-five hundred dollars. Also stock of merchandise which consists of drugs, medicines, toilet articles, and other articles of fancy goods useful and ornamental, usually kept for sale in a retail drug store, said stock not to invoice less than seven thousand (7000) dollars at any time during term of fourteen and one-half (14½) months from date hereof. All of said stock of drugs, fixtures, etc., are now located on the first floor of the two-story brick building situated on the south side of West Sprague street, at number 205, between Post and Lincoln streets, Spokane, Washington."

This mortgage was duly recorded on the 15th day of May, 1891. Said note and mortgage were thereafter assigned to the plaintiff, who is now the owner and holder thereof. There-

after said William D. Everhart sold the stock of goods and
fixtures to the Everhart Drug Company, a partnership con-
sisting of Charles F. Helme and Libbie I. Everhart, and
they moved the same to number 717 Riverside avenue, in
said city, and from the time of the purchase until the 23d
day of November, 1893, carried on a retail drug business
and sold during said time about twenty thousand dollars'
worth of drugs, and added to the stock from time to time
by purchase. The goods so purchased by them to keep up
the stock were commingled with the mortgaged goods, and
were never thereafter separated therefrom.

On June 15, 1891, the Everhart Drug Company bor-
rowed from the defendant Mrs. Gemming the sum of
$600.00, and from the defendant William Helme the sum of
$800.00; and on September 10, 1892, said company bor-
rowed from Mrs. Gemming the further sum of $500, and
from said William Helme the sum of $300; and on Novem-
ber 23, 1893, to secure the payment of said sums, said Ever-
hart Drug Company, with one J. E. Everhart, the husband
of Libbie I. Everhart, executed a chattel mortgage to said
Mrs. Gemming and William Helme on the fixtures and
stock of drugs aforesaid. On the next day said mortgagees
caused the defendant F. K. Pugh, as sheriff of Spokane
county, to take possession of the property under the terms
and conditions of said mortgage and advertise the same for
sale. Before sale was had, the plaintiff instituted a suit in
the superior court of Spokane county to foreclose the mort-
gage held by him, and obtained an order from the superior
court restraining the sheriff from making said sale and
transferring all the proceedings in said matter to said supe-
rior court. Whereupon the defendants appeared in said
action and contested the validity of the plaintiff's mortgage,
and also set up the second mortgage aforesaid as a prior lien
upon the property in controversy. Upon the hearing the
court found that the mortgage held by the plaintiff was a
prior lien upon the property, and entered a decree accord-
ingly, whereupon said Mrs. Gemming and William Helme
appealed therefrom.

It is urged that the court erred in admitting proof of the mortgage held by plaintiff, which was made by a certified copy from the records of the auditor's office of said county. The ground of error alleged is that the execution of the mortgage was not proved. But this point is not tenable, for, under our statutes, the certificate of acknowledgment is *prima facie* evidence of the facts therein stated, and the certificate to this mortgage was regular in form, and stated that the same had been duly executed by the mortgagor. *Gardner v. Port Blakely Mill Co.*, 8 Wash. 1 (35 Pac. 402).

The next point raised is with reference to a contention that William D. Everhart first sold the mortgaged property to the Cannon Drug Company, who are not parties to this action, and that said Cannon Drug Company thereafter sold the same to the Everhart Drug Company. And it is contended that said Cannon Drug Company had no notice of the execution of the plaintiff's mortgage, and that the sale was made before the same had been filed for record so that they were not charged with constructive notice. The facts as to this sale are disputed by the respondent, and we do not find from the record that such sale was satisfactorily established, and it does appear, inferentially at least, that the Cannon Drug Company had actual knowledge of the mortgage in question. But, owing to the view we have taken of the case, as will appear hereafter, this contention upon the part of the appellants is immaterial.

It is further contended by appellants that the description contained in the mortgage is insufficient to create a lien upon the property, on the ground that it is so general that it would apply equally to any stock of goods and fixtures used in connection with the retail drug store business; and for the further reason that it appears that the property in question had been transferred from the place where it was first located to a different place in said city before the mortgage to appellants was executed. And, further, that said mortgage was void as to appellants in consequence of the fact that sales were continually made of said property without any application of the proceeds arising therefrom to the

payment of the note and mortgage held by plaintiff; and it is further contended that the mortgage would not cover the goods subsequently purchased. As to these matters it appears that the Everhart Drug Company had actual notice of the rights of the plaintiff in the premises, and continually recognized the validity of the mortgage held by the plaintiff and made payments thereon, and that it was understood and intended by them that said mortgage did and should cover the goods subsequently purchased. Furthermore the fact that they commingled the goods subsequently purchased with those previously mortgaged in such a way that the same could not thereafter be distinguished or separated would preclude the Everhart Drug Company from raising said last question.

It is also contended that under the circumstances appellants could not be charged with any constructive notice of the plaintiff's mortgage arising from the fact of its having been recorded, and it does not appear that they had actual knowledge thereof. Neither of them testified upon the trial of the cause. But it does appear that the mortgage given to them was executed some months after the last sums of money had been loaned by them to the Everhart Drug Company, and long after the first loans were made, and that said mortgage was executed only the day before they instituted foreclosure proceedings thereunder. Under the weight of authority they stand in no better position as against the plaintiff than the Everhart Drug Company did, the mortgage to them having been given to secure pre-existing debts. 1 Cobbey, Chat. Mort., §129, and cases cited.

Consequently the plaintiff's mortgage being valid as to the Everhart Drug Company was valid as to appellants, and the decree of the court adjudging it to be a prior lien upon the property must be sustained. Affirmed.

DUNBAR, C. J. and ANDERS, HOYT and STILES, JJ., concur.