[No. 2206.]

Smith v. Bulkley et al. ·

1. **Corporations—Ultra Vires—Injunction—Suit by Stockholder.**
   A stockholder of a corporation cannot maintain an action to enjoin the foreclosure of a deed of trust to corporate property executed by the president and secretary of the corporation, on the ground that it was executed without authority and for the private benefit of the president, without first showing that proper effort had been made to have the action brought by the corporation and that the officers of the corporation had refused to bring the action, and that he had also exhausted all reasonable efforts to obtain relief through the stockholders as a body or that such efforts would be unavailable.

2. **Same.**

Where a corporation was enjoined from bringing any action to prevent a foreclosure sale under a deed of trust to corporate property, the injunction was binding on the stockholders and prevented them from bringing any such action.

*Error to the District Court of Pitkin County.*

Mr. A. S. BLAKE, Mr. L. J. STARK, Mr. T. J. O'DONNELL and Mr. J. WARNER MILLS, for plaintiff in error.

Messrs. THOMAS, BRYANT & LEE, for defendants in error.

GUNTER, J.

A general demurrer to the complaint was sustained and a judgment of dismissal entered. Plaintiff appealed. The allegations of the complaint pertinent to this ruling are: Plaintiff is and was at all times mentioned therein a stockholder of The Tabor Mines and Mills Company, a corporation; and sues for himself and others similarly situated. June 12, 1893, the president and secretary of the corporation gave a note and trust deed, the latter on corporate real estate, with the purpose of borrowing funds for the individual use of said president; obtained the same thereby, and the money so obtained was so used. All of which facts were known to the lender of the money, and the present holder of the note, Frederick G. Bulkley. On May 23, 1896, the trustee in the above trust deed advertised the property covered thereby for sale June 15 next thereafter. This action was brought against The Tabor Mines and Mills Company and three of its directors, to have the noticed sale enjoined and the note and trust deed cancelled, the plaintiff contending that the giving of the note and trust deed was an *ultra vires* act of the president and secretary of the corporation.

It further appears from the complaint that four

directors of the corporation, for the first year of its existence, were named in the articles of incorporation at the time of the organization of the corporation March 16, 1893, and that no election of directors had been held since.

The act complained of, the giving of the note and trust deed, was an alleged attempt to misappropriate assets of The Tabor Mines and Mills Company, it was, therefore, a wrong attempted against the corporation, a direct wrong to it, and only an indirect wrong to the stockholder, the plaintiff herein. The right to bring an action to redress this wrong was in the corporation which sustained it. The wrong was committed June 12, 1893, the present action for relief was instituted by plaintiff June 8, 1896.

As to when he first ascertained that the wrong had been committed the complaint is silent. It does not appear that he or any other person at any time, although three years elapsed between the giving of this note and trust deed and the institution of this action, requested the board of directors of defendant corporation to institute this suit, nor is any explanation offered as to why he made no effort to induce action by the proper corporate officers for relief from the alleged wrong. No allegation is made of any effort to have the stockholders take steps, by removal of the board of directors or otherwise, for righting this alleged wrong. So far as we are advised by the complaint the stockholder instituted this action to redress the alleged corporate wrong without ever having made any effort, through the officers or stockholders of the corporation, to have such action brought, and without offering any explanation why such application was not made by him before institution of this action. The authorities are as one that under such circumstances an action by the stockholder will not lie. The powers of a corporation are

exercised by the stockholders in legal session, the board of directors and other agencies. It is necessary for the economic and efficient management of a corporation that its powers be exercised by the proper agencies. To permit any stockholder to institute an action in the corporate name to redress an alleged corporate wrong without a showing on his part that every reasonable effort had been made through the proper channels to induce corporate action, and that unredressed wrong would result to the corporation unless he were permitted to sue, would be to tolerate a practice prejudicial to corporations and other stockholders, and one violating all established precedents. In *Miller v. Murray*, 17 Colo. 408, 30 Pac. 46, a stockholder sued in behalf of himself and other stockholders, similarly situated, to redress a wrong sustained through an alleged misappropriation of corporate assets. Relief was denied, the ground therefor being that he had made no effort through the stockholders of the corporation to have a suit to redress the wrong brought by the corporation. In the course of the opinion it is said:

"The vast and increasing importance of the business transacted by corporations and the immense number of stockholders in many of these companies, require that the court should closely scrutinize actions brought by stockholders where the cause of action is primarily one belonging to the company. If it be once conceded that such companies may be embarrassed and subjected to cost and expense by every stockholder who thinks he has a grievance, the usefulness of corporations would be seriously crippled."

Therein it is further said:

"Among other requisites of a bill of this nature, in addition to the grievances which would warrant this kind of relief to the company, it was held that before the shareholder could be allowed to conduct a

litigation he should satisfactorily show that he had exhausted all the means within his reach to obtain, within the corporation itself, redress of his grievances. In addition to making an earnest effort to induce the managing body of the corporation to seek relief, he must further show, if he fails with the directors, that he has made an honest effort to obtain relief through the stockholders as a body, if time permits or has permitted him to do so. And if this be not done he must show cause why it could not be done or that it would be unreasonable to require it."—See also *Hawes v. Oakland,* 104 U. S. 450; *Jones v. Pearl Mining Co.,* 20 Colo. 421, 38 Pac. 766; *Beshoar v. Chappell,* 6 Colo. App. 323, 332, 40 Pac. 244; *Peoples Savings Bank v. Mining Exchange Bldg. Co.,* 8 Colo. App. 354, 356, 46 Pac. 620; *Hutton v. Bancroft & Sons Co.,* 83 Fed. 17.

The plaintiff alleges as a reason for the violation of the above rule the following: That on May 29, 1896, a suit was instituted in the district court of Arapahoe county, Colorado, by the above Fred G. Bulkley and the trustee in the above trust deed, Frank Bulkley, against The Tabor Mines and Mills Company and the directors thereof, praying an order enjoining the defendants therein from bringing any action against Fred G. Bulkley or Frank Bulkley to prevent a sale under said trust deed, and that a temporary writ of injunction was issued by last named court in accordance with said prayer, and "that owing to such injunction * * * served upon the first day of June, still in force, * * * neither the company nor its board of directors can * * * prosecute any suit to prevent the sale of this property which is advertised for the 15th inst." The pendency of such suit in the district court of Arapahoe county, and the issuance of the injunction therein is no reason for permitting the stockholder plaintiff

'to maintain the present action, but is a further reason why the present action should be dismissed. It is not alleged that any collusion existed between the directors and the plaintiffs in the injunction suit. It is not alleged that the directors have not taken or will not take steps to obtain a dissolution of the injunction therein. So far as we are advised by the pleadings no reason existed why the directors would not contest such writ of injunction. We cannot presume that the directors in such suit would not attempt to obtain a dissolution of the injunction, and either in such action, or some other appropriate action, attempt to secure the relief here sought by plaintiff. Further, the writ of injunction issued by the district court of Arapahoe county was as effective against this plaintiff as a stockholder, as it was against the corporation.

"Whilst, as hereafter seen, the stockholder is denied the privilege of appearing and contesting the merits of a suit against the corporation, although he may be ultimately liable in respect of the judgment therein rendered, yet when a judgment is rendered against the corporation it establishes, as conclusively as any judgment can establish, the matter in litigation, the liability of the corporation to pay the debt. Like any other judgment it may be impeached for fraud or for want of jurisdiction by a party entitled to question it, but it cannot be assailed collaterally by a stockholder for any other cause, when sought to be charged in respect of it. It is valid until reversed in a direct proceeding, and concludes the stockholder, who is in privity with the corporation."—3 Thompson on Corporations, § 3392.

"When subscribing for his shares and entering into the organization, he undertakes the responsibility for the result of litigation in which the corporation becomes involved to which he is not a party, and has not been given an opportunity to defend personally.

He is then represented by officers who are not only
authorized to take charge of all litigation, but whose
duty it is so to do; and why should not those whom
the officers represent be held privies in interest and
concluded by the result in the absence of fraud and
collusion? There would seem to be no middle ground
on which to place a judgment against a corporation
and if the stockholders are bound under any circum-
stances they must be under all. This is the common
conclusion of nearly all of the courts although their
reasons are not always the same."—*Holland v. Du-
luth Iron Co.*, 65 Minn. 324.

"Where a valid judgment is rendered against a
corporation the stockholders are bound thereby in
respect to corporate matters and such judgment is
not open to collateral attack."—*Hawkins v. Glenn,*
131 U. S. 319, 329.

"A stockholder is so far an integral part of the
corporation that in view of the law he is a privy to
the proceedings touching the body of which he is a
member."—*Id.*

"Where the company itself has already brought
suit on a cause of action and has been defeated, a,
stockholder cannot bring suit on the same cause of
action on behalf of the corporation when though the
former case was decided in another state."—2 Cook
on Corporations, § 784.

The issuance and service of the writ of injunc-
tion in the suit pending in the district court of Arapa-
hoe county enjoining any procedure to question the
trust deed involved herein bound the corporation and
prevented it from bringing the present action and
just as effectively so operated upon this plaintiff.
To entertain the present suit would be to permit the
district court of Pitkin county to violate through its
procedure an injunction issued out of the district
court of Arapahoe county in a matter wherein the

last mentioned court had jurisdiction of the subject-matter and the parties.

For reasons above stated we think the complaint herein failed to state a cause of action, and that the lower court was right in so holding. Its judgment should be affirmed.        *Affirmed.*