[No. 5659.]

HORST ET AL. v. TRAUDT.

1. **Religious Societies—Incorporation—Effect.**

A religious society which incorporates in the manner prescribed by Mills' Ann. Stats., § 641 et seq., providing for the incorporation of religious societies, becomes thereby a civil, as distinguished from an ecclesiastical, corporation, and is subject to the principles of the common law applicable to corporations under the general incorporation laws; and the trustees, wardens, or other officers, are its managing officers in the same sense that the directors and officers of a business corporation are its officers, and the members of the society occupy the same

relation to the incorporated body as the shareholders of a business corporation occupy to it.—P. 447.

2. **Corporations — Stockholders — Management — Judicial Interference.**

The courts will not, as a general rule, at the suit of a stockholder or any number of stockholders, interfere with the internal affairs and management of a corporation.—P. 448.

3. **Same—When Judicial Aid Granted—Complaint—Sufficiency.**

To entitle a stockholder to the aid of the courts, it must appear from the complaint that he has exhausted all the means within his reach to obtain redress, within the corporation itself, of the grievances of which he complains; and it must appear that he has applied to the managing body of the corporation to institute an appropriate action, and, on the failure of that body to act, has made an honest effort to obtain relief through the stockholders; or a showing must be made that such efforts would be unavailing, and, in the absence of such a showing, a general demurrer to the complaint is properly sustained.—P. 448.

4. **Religious Societies—Incorporated Society—Suits by Members —Complaint—Sufficiency.**

A complaint, in an action by members of an incorporated religious society, to restrain defendant from entering on the duties as pastor of a church, pursuant to a call alleged to have been illegally procured by defendant, which is silent with respect to the efforts made by the members to obtain relief within the corporation itself, is fatally defective on general demurrer.— P. 449.

*Error to the District Court of the City and County of Denver.*

*Hon. John I. Mullins, Judge.*

Action by Alexander Horst, Peter Krieger, Adam Wolf, Conrad Wolf, John Wolf, George Stroh, John Detter, Conrad Stroh, and about seventy others against Adam Traudt. From a judgment of dismissal, rendered after sustaining a general demurrer to the complaint, plaintiffs bring error.

*Affirmed.*

Mr. T. WEBSTER HOYT, for plaintiffs in error.

No appearance for defendant in error.

Mr. Justice Maxwell delivered the opinion of the court:

Plaintiffs in error, as members of The First German Congregational Church, at Globeville, Colorado, brought this action to restrain defendant in error from entering upon and discharging the duties of pastor of the church, pursuant to a call which the complaint alleges was illegally procured by defendant in error at a meeting of the church congregation at which plaintiffs in error were illegally denied the right to vote by the arbitrary and illegal action of defendant in error.

The complaint alleges that The First German Congregational Church at Globeville is a religious corporation organized and existing under and by virtue of the laws of the state of Colorado, and that all of the plaintiffs, together with about seventy others, are members of such church in good standing; then follow allegations setting forth the alleged illegal acts of defendant, who at that time was pastor of the church, culminating in the illegal call to the pastorate of the church from and after April 1st, 1905, under which defendant threatened to perform the acts which are sought to be restrained.

The allegations of the complaint present no questions involving ecclesiastical matters or affairs; the sole question presented is the right of defendant to exercise and discharge the duties and receive the emoluments of pastor of the church, under a contract with the church which plaintiffs allege was illegally obtained by the defendant.

Our statutes (Mills' Ann. Stats., § 641, et seq.) indicate the procedure by which religious societies may become incorporated, and declare such incorporations bodies politic and corporate. Such societies having availed themselves of the above stat-

utes become thereby civil corporations, as distinguished from ecclesiastical corporations, in the sense of the English law, and as such are subject to the principles of the common law and the practice and procedure applicable to corporations under the general incorporation laws, so far as the same are pertinent. The trustees, wardens, vestrymen, or other officers, by whatever name designated, are the managing officers and trustees of the religious corporation in the same sense that the directors and officers of a bank or a railroad company are officers and trustees of such corporation, and are invested, in regard to the temporal affairs of the church or society, with the powers conferred by the statute and with the ordinary discretionary powers of similar corporate officers.—7 Am. & Eng. Enc. Law (2d ed.) 636; *Robertson v. Bullions,* 11 N. Y. 243; *Fadness v. Braunborg,* 73 Wis. 257.

In such incorporated religious societies the members thereof occupy the same relation to the incorporated body, so far as its temporal affairs are concerned, as the shareholders or stockholders of a corporation organized for profit under the general incorporation laws occupy to it.

The courts will not, as a general rule, at the suit of a stockholder, or any number of stockholders, interfere with the internal affairs and management of a corporation. In addition to averments which would entitle the plaintiff to relief in an action of this character, it must affirmatively appear from the allegations of the complaint that the plaintiff has exhausted all the means within his reach to obtain redress of the grievances of which he complains within the corporation itself; it must appear that he has applied to the managing body of the corporation to institute an appropriate action, and upon the failure of that body to act, that he has made an honest

effort to obtain relief through the stockholders; or a showing must be made that such efforts would be unavailing.—*Miller v. Murray*, 17 Colo. 408; *Majors v. Taussig*, 20 Colo. 44; *Morgan v. King*, 27 Colo. 539; *Smith v. Bulkley*, 18 Colo. App. 227; *Hawes v. Oakland*, 104 U. S. 450.

The complaint in the case at bar contains no allegations which bring it within the rules above stated; as to such matters it is entirely silent. A general demurrer to the complaint was sustained. Plaintiffs elected to stand by their complaint; whereupon the action was dismissed. There was no error in this ruling, and the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.