[No. 6029.]

## DUQUESNE GOLD MINING CO. V. GLASER.

**Corporations—Stockholders' Rights—A** stockholder cannot, as a general rule, sue or defend for the corporation, or voluntarily, without its request, make himself its creditor.—(189)

But where the officers of a corporation attempt to wreck it, or to secure its property to their own profit, or permit its property to be taken from it without an effort to rescue it, the stockholder, after first making due effort to induce the governing officials to act, may in his own name sue or defend for the corporation, protecting its interests and incidentally his own.     And no application need be made to the officials if they cannot, after diligent inquiry, be found, or if it is clear that it will be useless to call upon them.—(189, 190)

The stockholder may in such case, without instituting any action whatever, redeem from execution sale the corporate properties, where redemption by the corporation is permitted by law, and may recover the amount paid by an action against the corporation.—(190)

*Appeal from Gilpin County Court*—Hon. FLOR ASHBAUGH, Judge.

Mr. JOHN R. SMITH, for appellant.

Messrs. HICKS & WILLIAMS, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The defendant corporation was organized under the laws of this state to carry on mining in Gilpin county. Its officers, or some of them, when last known, resided in Pittsburg, Pennsylvania. John A. Snee of that city obtained a judgment against defendant, apparently in some court in the City and County of Denver, and caused an execution to be issued and levied upon its property in Gilpin county and had the property sold thereunder. The time for redemption from the sale by the judgment debtor expired June 15, 1905. In December, 1904, a number of defendant's stockholders, residing at Pittsburg, learned of the sale and proceeded at once to call a meeting of as many shareholders as could be reached to devise means to lift the debt. Some progress was made thereat, and a committee appointed to see Snee. He said to this committee, when interviewed, that he would hold the title, if he secured it, for the benefit of contributing shareholders. A second meeting of the stockholders was held, at which plaintiff, one of them, was authorized to represent the stockholders generally, and, if necessary, to redeem defendant's property from the judgment sale in their behalf. Plaintiff again saw

Snee and Jeremiah Miller, who had acquired a half interest in the judgment. Both of them were stockholders of defendant, and Miller was its vice-president (the president theretofore having died), though Miller's official position was not then known to plaintiff and the stockholders he represented. He was unable to obtain from the judgment creditor the agreement or declaration which theretofore the latter said he would sign. This was about the 7th of June, 1905, only eight days before defendant's right of redemption expired. The plaintiff and his fellow stockholders had made diligent effort to ascertain who were the officers of the company, so as to get them to act in behalf of defendant, but they could not obtain any information on the subject. Miller—who, it was afterwards learned, was vice-president—did not, upon due inquiry by them, make known that fact. Prompt action was necessary, and plaintiff, in order to protect the interests of the company and its members, through attorneys in Colorado, paid to the sheriff the amount necessary to redeem, and obtained the sheriff's certificate of redemption  Certain taxes were due by defendant upon its property, one-half of which were delinquent and the other half due, and the total amount of this tax was paid by the plaintiff for and in behalf of defendant. Plaintiff thereafter brought this action against defendant company to recover for these advances, alleging he had made them at its request. The defendant filed its answer denying that plaintiff made these payments for its use or at its request, and alleged that he did so, if at all, merely as a volunteer. In his replication, plaintiff set forth the ultimate facts hereinbefore recited, proof of which was made by the evidence submitted. From the judgment in favor of plaintiff, the defendant has appealed.

The only point argued by appellant is that plaintiff made these payments purely as a volunteer, and not at defendant's request, and therefore cannot recover. Defendant's counsel in his brief cites many authorities which it is not necessary to reproduce, because the doctrine is so familiar that a stockholder, as such, is not the representative of a corporation, that the latter can act only through its board of directors or its duly appointed agents; that a stockholder cannot sue or defend in its behalf, or voluntarily, and without its request, make himself its creditor. Such, however, are not the questions in this case. When directors and officers of a corporation violate their duty to its stockholders and attempt to wreck its property, or wrongfully secure it for their personal profit, or if they neglect their duty, permit its property to be taken away without any effort to save it, or fraudulently refuse to protect its interests, the stockholders, as such, are not remediless. They may protect the interests of the corporation and incidentally their own, provided they first make due efforts to have the corporation, through its governing officers, take the necessary action. And if it appears that the officers refuse to act, or if the facts and circumstances are such that it is clear that it would be useless to ask them to do so, the stockholders themselves may, in their own name, protect the corporate interests. They may, in their own name, sue or defend in such behalf.

Defendant's counsel concedes, for the purposes of this case, that plaintiff might maintain a suit in equity in his own name to redeem from the judgment sale in behalf of himself and other stockholders similarly situated, but says plaintiff cannot take the short cut without suit by paying to the sheriff the amount necessary to redeem and recover the same in an action against the corporation. We can-

not see any valid distinction in principle between
the supposed case and the case at bar. If plaintiff
may, by suit, save the property for the corporation,
why may he not do so without suit, by payment to
the judgment creditor, or sheriff? The judgment
creditor, a stockholder co-operating with the vice-
president, in the month of December, had mani-
fested a willingness to permit the property to be
redeemed, or the judgment debt paid, by plaintiff
and all other stockholders, and led plaintiff to be-
lieve that he, as judgment creditor or grantee under
a sheriff's deed, would execute the necessary papers
for their protection. They, living in Pennsylvania,
being thus misled until a short time before the time
for redemption expired, and the judgment creditor,
whose proceedings were in a Colorado court, then
refusing to carry out his agreement, prompt action
was necessary. Plaintiff might advance the money
necessary to redeem and make the same, in equity,
a charge against defendant. His interests as a
stockholder gave him this right. He was not a mere
volunteer. In such case the law will, if necessary,
imply a promise upon the part of the corporation to
repay the advances made. Particularly is this a
case where the defendant should be held, since,
through its officers, it knew, and received the bene-
fit, of plaintiff's payments in its behalf.—10 Cyc.
1078. By plaintiff's act, the property has been saved
to the corporation, and it should refund to him the
amount of his expenditure. It would be a reproach
to the law if, in a case like this, the stockholders of
a corporation might not thus protect their interests.
There may not be many precedents for this ruling,
doubtless because very few cases have arisen where
the officers of a corporation have acted in such a
negligent and fraudulent manner and afterwards
had the temerity to repudiate acts so manifestly in

the corporate interests. Plaintiff and his fellow stockholders have exercised the utmost good faith and made the redemption and paid the taxes for themselves and all other stockholders who are willing to contribute their share. A case exactly in point is *Wright v. Oroville Mining Co.,* 40 Cal. 20. The defendant admits that this case is in plaintiff's favor, but says that it is contrary to the great weight of authority, and should not be followed. On the contrary, we think it establishes a wholesome doctrine. It is approved in the later case of *Ashton v. Dashaway Association,* 84 Cal. 61. *Baldwin v. Canfield,* 26 Minn. 43, and *Morrill v. Little Falls Mfg. Co.,* 46 Minn 260, are also in point in plaintiff's favor. See 6 Thompson on Corporations, sec. 7868; 4 Thompson on Corporations, sec. 4479 *et seq.;* 2 Clark & Marshall Private Corporations, sec. 546; *Bronson v. La Crosse R. Co.,* 2 Wall. 283.

The judgment is affirmed.　　*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.