## No. 12,156.

GERMAN EVANGELICAL EMMAUS CHURCH OF BRIGHTON,
COLORADO *v.* FREE EVANGELICAL EMMAUS CHURCH ET AL.

(287 Pac. 89)

Decided March 24, 1930.   Rehearing denied April 14, 1930.

Mr. G. H. BRADFIELD, Mr. JOHN HARBOTTLE, for plaintiff in error.

Mr. J. PAUL HILL, for defendants in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

A. G. EHRLICH and other members of a church congregation, incorporated under the laws of the state of Colorado, instituted this suit in the name of the corporation against other members of the congregation seeking an injunction restraining the defendants from interfering with plaintiff's ownership, possession and enjoyment of its real and personal property.   The lower court found for

the defendants on the merits and dismissed the suit, which ruling is now sought to be reviewed.

The complaint charges, inter alia, that the German Evangelical Emmaus Church of Brighton, Colorado, is an incorporated congregation, duly organized and existing under and by virtue of the laws of the state of Colorado and owned certain church property located in Brighton, and also certain personalty; that on May 6, 1917, it adopted a constitution duly approved by the German Evangelical Synod of North America; that paragraph 4 thereof provides: "The church council of this congregation consists, besides the pastor, who is ex officio a member, of from four to six voting members elected by the congregation. * * * The church council is responsible for the administration of all church property, and the members are at the same time trustees for the congregation and represent it in all legal matters whenever necessary"; that on July 15, 1917, plaintiff was admitted as a member of the German Evangelical Synod of North America and agreed to be controlled by the provisions and by-laws of said synod; that on December 1, 1926, dissension arose between defendant Kauerz, then pastor of said congregation and certain members thereof, occasioned by the action of said defendant in wrongfully excluding Ehrlich and others from participation in the affairs of the congregation in violation of the church constitution and rules of the synod; that Kauerz was thereafter removed; that the defendants and their followers withdrew from the synod, organized a new church, selected defendant Kauerz for the pastor and are now in possession of the church property of plaintiff, all in violation of the statutes and by-laws of the synod of North America.

Defendants' answer denies these charges and alleges that "the plaintiff in this cause is not the real party in interest in said cause; but that the ten suspended members, as hereinabove set forth, together with A. Woth, * * * conspiring with each other to get control of

the property and real estate of the church, are the real parties in interest, and in order to carry out a continuance of their unlawful, wrongful and unchristian acts, and for the purpose of depriving the German Evangelical Emmaus Church of Brighton, Colorado, of its property, have instituted this suit in the name of said church, whereas, in truth and in fact, they have no right in equity or in law to the use of said name of said church to, in equity or in law, represent said church."

The record shows that the supporters of Ehrlich are a small minority of the congregation. There is neither pleading nor proof that either Ehrlich or any one in sympathy with his position first demanded of the church council that it act in their behalf or that if such a demand had been made it would have been unavailing.

In view of this state of the record, Ehrlich and his supporters are in the same position as minority stockholders in a corporation and had no right to institute and prosecute this suit in the name of the corporation. It is elementary that a stockholder of a corporation has no right to bring a suit in its behalf unless it is first alleged and proved that the officers thereof have refused to bring the suit or that a demand upon them would be futile. 14 C. J., p. 931, §1449, *Horst v. Traudt,* 43 Colo. 445, 96 Pac. 259; *Duquesne Co. v. Glaser,* 46 Colo. 186, 103 Pac. 299; *Smith v. Bulkley,* 18 Colo. App. 227, 70 Pac. 958. In *Horst v. Traudt, supra,* this rule was held to apply in the case of a church congregation incorporated under the laws of Colorado.

Judgment affirmed.

Mr. Chief Justice Whitford, Mr. Justice Butler and Mr. Justice Burke concur.