## JEWISH CONSUMPTIVES RELIEF SOC. v. ROTHFELD et al.

United States District Court
S. D. New York.
April 1, 1949.

---

2 Moore's Federal Practice 2nd Ed. Vol. 3, Section 23.15 pages 3502–3506.

Mitchell Salem Fisher, of New York City (Mitchell Salem Fisher, of New York City, and Eugene Brooks, of Long Island City, N. Y., of counsel), for plaintiff.

Phillips, Nizer, Benjamin & Krim, of New York City (Louis Nizer, Paul Martinson, and Daniel Glass, all of New York City, of counsel), for defendants Rothfeld et al.

GODDARD, District Judge.

Three motions by plaintiff: (1) To set aside a notice to take the deposition here in New York of the alleged secretary of the plaintiff and for the production of books and records; (2) to dismiss the affirmative defense set forth in the amended answer; (3) to dismiss the counterclaim.

The complaint in substance alleges that plaintiff is a corporation organized under the laws of Colorado for the purpose of maintaining a sanatorium in Denver for those suffering from consumption and kindred diseases; that all its physical property and operative executives are located in Denver; that it is licensed to conduct its corporate activities in New York and maintains an office in the Southern District of New York. The complaint alleges that the management of the plaintiff is under the control of its Board of Directors, called Board of Trustees, and that the named defendants were members of the Board, and certain defendants were officers of the plaintiff corporation. That during the year 1947 the plaintiff, with the aid of the defendants and others, solicited funds from the public in the metropolitan area of New York City by way of selling tickets for the opening game of the professional football season at the Polo Grounds on October 19, 1947; that the gross proceeds of $73,192 realized were received in the New York office; that these funds, less expenses in connection with the solicitation, were to be forwarded to the plaintiff in Denver, and it is alleged that defendants used various amounts from this fund for their own benefit and to the detriment of the plaintiff, and further that defendants have and still refuse to turn over the balance remaining in their hands.

The plaintiff demands an accounting by the defendants and that the defendants be required to pay to plaintiff all monies which were committed to their charge, retained or diverted.

Defendants in their amended answer deny the material allegations of the complaint, but admit that there is a fund of approximately $41,000 which represents the net proceeds from the fund raising football game which they are ready to deposit in the custody of the court.

The amended answer sets up an affirmative defense to the effect that plaintiff is and has been managed by an illegal Board of Directors and as such is not entitled to the control and management of the fund.

The amended answer then sets forth what is labelled a "counterclaim" which in substance states that the alleged claim is being made for and on behalf of the corporation against third parties Atler, Miller, et al, purported officers and present members of the Board of Trustees, alleging that they hold office illegally in violation of the corporation's by-laws and charging them with a conspiracy to seize control of the corporation and perpetuate their control, having grossly mismanaged their affairs, failed and refused to call an annual meeting of members of the corporate plaintiff in accordance with its by-laws, wrongfully ousted minority members of the Board and excluded them from participation in the affairs of the corporate plaintiff, and wasted its assets, etc.

The defendants' prayer in the "counterclaim" for relief asks this court to determine that the present Board of Trustees hold office illegally and to order a new election, and pending the election, the appointment of a receiver for the property.

No accounting or money damages is asked for in the "counterclaim" prayer for relief.

The defendants state they decided to refrain from forwarding the fund to Denver because of the extremely unfavorable report of a committee which went to Denver to investigate conditions in the sanatorium and the manner in which the corporation's affairs were being conducted by the group who now purport to constitute the majority of the Board of Trustees.

It was the plaintiff who initialed the litigation in New York and sought the aid of this court, and the plaintiff corporation maintains an office in this district.

The defendants urge that it is essential that the Chairman of the committee who, with other members at their own expense, spent about three days in Denver investigating the situation and has personal knowledge of the facts and conditions, should be present when the deposition is taken to advise counsel in the examination and cross-examination of the witness. They state that the Chairman is now a Justice of the Supreme Court of New York and for him to attend in Denver would seriously interrupt the work of the court. Moreover, there are several other members of the committee whom defendants state they expect to consult when questioning the witness and that they and all of the defendants reside in New York.

The motion to vacate the notice to take deposition of Dr. I. Lewis here in New York and to produce the minutes of meetings of the Board of Trustees for the calendar years 1947 and 1948 is denied. Sullivan v. Southern Pacific Company, D. C., 7 F.R.D. 206; Producers Releasing Corporation De Cuba v. P.R.C. Pictures, Inc., D.C., 8 F.R.D. 254; Anthony v. R.K.O. Radio Pictures, Inc., et al, D.C., 8 F.R.D. 422.

The complaint asks for an accounting and money damages. Paragraph "4" of the complaint alleges "that at all times hereinafter mentioned the affairs and management of the plaintiff were under the control of its Board of Directors, called the Board of Trustees * * *." The defendants in the amended answer neither admit nor deny this allegation but allege in their answer that "the plaintiff corporation has been managed and controlled by an illegal Board of Trustees." These opposing allegations put directly in issue the question whether plaintiff corporation is and was managed and controlled by "its" Board of Trustees. Plaintiff must prove its allegations that those purporting to act for the corporation actually are the "Board of Trustees" of the corporation. This is challenged in the affirmative defense. The cases cited by plaintiff deal with a situation where the illegality of a Board of Directors is asserted as a ground for affirmative relief. In the case at bar it is alleged as a shield not a sword. The motion to strike the affirmative defense is denied.

As previously stated the "counterclaim" in substance states that it is being brought for and on behalf of the corporation. It alleges the futility of making a

demand on the present acting Board of Trustees. The prayer for relief in the "counterclaim" asks for the court to declare the present acting Board of Trustees to be illegally constituted and that the Board hold an election in accordance with the corporation's by-laws. The "counterclaim" is in effect an attack on the alleged right of certain individuals to hold office as members of the Board of Trustees and to purport to act for the plaintiff corporation. Such a proceeding under the New York statute is a special proceeding, neither legal nor equitable, and formerly was brought by a writ of quo warranto, Section 25, General Corporation Law of New York; Cabana v. Holstein-Friesian Association, 196 App.Div. 842, 188 N.Y.S. 277, affirmed 233 N.Y. 644, 135 N.E. 953; Moir v. Provident Savings Life Assurance Society, 127 App.Div. 591, 112 N.Y.S. 57; Wallace & Sons v. Walsh, 125 N.Y. 26, 25 N.E. 1076, 11 L.R.A. 166. The law in Colorado is to the same effect. Grant v. Elder, 64 Colo. 104, 170 P. 198.

■ It is therefore evident that at most the claim, if permissible, is a permissive counterclaim under Rule 13(b), Federal Rules of Civil Procedure, 28 U.S.C.A. As such it requires independent jurisdictional allegations. Lesnik v. Public Industrials Corporation, 2 Cir., 144 F.2d 968; Marks v. Spitz, D.C., 4 F.R.D. 348. The "counterclaim" lacks any allegations as to jurisdictional amount. The motion to dismiss the "counterclaim" must be granted. Moreover, it does not adequately appear in the counterclaim that all remedies within the corporation itself to obtain the relief desired have been exhausted. Obviously, to seek the relief from the acting Board of Trustees would be futile but nothing is said about seeking relief through the members of the corporation. Rule 23(b) F.R.C.P.; Bruce & Co. v. Bothwell, D.C., 8 F.R.D. 45 and cases therein cited; Varanelli v. Wood et al., D.C.S.D.N.Y. 1949, 9 F.R.D. 61, opinion of Goddard, J.; see also Horst v. Traudt, 43 Colo. 445, 96 P. 259; Knauss v. Seventh-Day Adventist Ass'n of Colorado, 107 Colo. 540, 190 P.2d 590; German Evangelical Emmaus Church v. Free Evangelical Emmaus Church, 87 Colo. 237, 287 P. 89.

The balance of the fund, approximately $41,000, now held by the defendants or some of them, is to be deposited with the Clerk of this court subject to the order of this court.

The motion to vacate the notice for taking the deposition of Dr. Lewis I. Miller and for the production of books and records is denied. The motion to strike the affirmative defense contained in the amended answer is denied. The motion to strike the counterclaim in the amended answer is granted.

Settle order in accordance with above on notice.