## TELEGRAPH DELIVERY SERVICE v. FLORISTS TEL. SERVICE et al.

United States District Court
S. D. New York.

Jan. 18, 1952.

Daniel Cook, New York City, for plaintiff.

Edward K. Kennedy, New York City, for defendant Edwin S. Douglas.

WEINFELD, District Judge.

In this action by plaintiff, a California corporation, for infringement of its copyrighted magazine "Telegraph Service Spirit" and also to recover damages for unfair trade practices, plaintiff seeks a preliminary injunction prohibiting the defendant from using its copyrighted customers lists contained in its magazine.

The stock of the plaintiff corporation is owned by children of the individual defendant. As is not unusual in the unfortunate case of family legal strife, bitter charges and recriminations, some of which appear irrelevant to the present application, have been made.

With respect to the immediate issues, the defendant denies that the plaintiff's copyrighted lists were copied or used by him, and further contends that while he permitted the plaintiff-corporation (of which he was at one time the 100% stockholder) to copyright his alleged customers lists, it was with the reservation that he could use the lists at any time.

The affidavit in support of the motion is made by the attorney for the plaintiff who is without personal knowledge as to the matters therein set forth. No affidavit has been submitted by any of the principals of the plaintiff-corporation and the complaint is verified by a secretary upon information and belief. The denials by the defendant have not been controverted.

The plaintiff has failed to establish a clear right to the drastic remedy of a preliminary injunction which, in advance of trial, would give it substantially all the relief to which it may be entitled following a trial. Behre v. Anchor Insurance Co., 2 Cir., 297 F. 986; Hall Signal Co. v. General Ry. Signal Co., 2 Cir., 153 F. 907; United States v. Adler's Creamery, Inc., 2 Cir., 107 F.2d 987; Anderson-Friberg, Inc., v. Justin R. Clary & Son, D.C., 98 F.Supp. 75, 82. The issues should await a trial, where all the facts may be explored and the credibility of witnesses determined. This denial is without prejudice to an application for a trial preference.

The defendant by cross-motion seeks an order pursuant to Rule 13(a) and (h) of the Federal Rules of Civil Procedure 28 U.S.C. joining as parties to the action his two children, the stockholders of plaintiff-corporation. The answer asserts a counterclaim, which appears to be an action in equity against the children for a decree (1) requiring the return of the shares of stock now held by them to the defendant upon the ground that they were conditionally delivered; (2) declaring the defendant to be the owner of the shares; (3) directing an accounting of the plaintiff-corporation's funds, allegedly misappropriated by the children; and (4) adjudging the defendant "to be the sole owner of the business and assets of the plaintiff [a corporation]; and that he be entitled to use any copyrights plaintiff may hold."

The complaint, as already noted, sets forth a claim for copyright infringement, and jurisdiction is based upon Title 28 U.S.C. 1338, which gives the district court jurisdiction over copyright actions. The counterclaim is based upon a dispute as to ownership of the stock of the plaintiff-corporation and is not directed against the plaintiff but against the persons whom the defendant seeks to add as parties. Thus, the counterclaim is permissive in nature since it does not arise "out of the transaction or occurrence that is the subject matter of [plaintiff's] claim." Rule 13(b).

A permissive counterclaim must have an independent basis of jurisdiction. 3 Moore's Federal Practice, Second Edition, Section 1319. In the instant case there is diversity of citizenship as between the present plaintiff, a citizen of California, and the defendant, a citizen of New York. But the prospective parties defendant are citizens of California. Thus, if they are added as parties defendant under Rule 13(h), diversity of citizenship would no longer exist, since two of the defendants would be citizens of the same state as the plaintiff, and the court would be deprived of jurisdiction over the counterclaim.

Moreover the defendant is still in a position to assert whatever claim he may have with respect to permission to use the copyright in the present action without bringing in the individuals. The most liberal interpretation of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, does not justify the granting of the cross-motion.

The cross-motion is denied.

Settle order on notice.