Lionel FRASER, Plaintiff,

v.

ASTRA STEAMSHIP CORP. and Albatross Steamship Co., Inc.,
Defendants.

United States District Court
S. D. New York.
Sept. 28, 1955.

William L. Standard, New York City, for plaintiff. Herman Rosenfeld, New York City, of counsel.

Renato C. Giallorenzi, New York City, for defendants. Renato C. Giallorenzi, Paul M. Jones, New York City, of counsel.

HERLANDS, District Judge.

This is an action under the Jones Act, 46 U.S.C.A. § 688, to recover damages sustained by plaintiff, a seaman, because of the alleged negligent handling and unseaworthy condition of the vessel owned by one of the defendants and operated by the other defendant. Eight days before plaintiff's injury, plaintiff allegedly attacked and injured a fellow member of the crew. Defendants allege that the claim of the attacked crewman was settled for $1,000, and that they suffered other expenses and damages amounting to $4,000. Plaintiff and defendants are residents of the State of New York.

Defendants now move to amend their answer by adding a counterclaim based on the damages incurred by defendants as a result of plaintiff's attack on his crew-mate. For the reasons set forth in this opinion, the motion is granted.

Under Fed.Rules Civ.Proc. Rule 13, 28 U.S.C.A., a counterclaim now encompasses both set-off and recoupment. F.R.C.P., Rule 13(a), compels the Court to allow a counterclaim "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim". F.R.C.P., Rule 13(b), permits the Court to allow a counterclaim against an opposing party "not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

A major distinction between the two subdivisions of Rule 13 revolves around the question of jurisdiction. Because a compulsory counterclaim under Rule 13(a) arises out of the same "transaction or occurrence" set forth in the complaint, it is said to be "ancillary" to the main action; and it derives its jurisdictional basis from that which supports

the main action.[1] However, a permissive counterclaim under Rule 13(b), originating, as it does, out of a transaction or occurrence unrelated to that pleaded in the complaint, must logically stand on its own jurisdictional footing, in recognition of the rule that the federal courts are courts of limited jurisdiction. Thus, it is generally stated that jurisdiction to entertain a permissive counterclaim must be affirmatively alleged and proved.[2]

The motion, therefore, presents two questions: (1) Is the proposed counterclaim compulsory or permissive? (2) If permissive, is there an adequate jurisdictional basis to support it?

■ Plaintiff's action against his employers for their alleged negligence is brought under the Jones Act, which permits a seaman to sue on the civil side of the court and to obtain a jury trial, even in the absence of diversity of citizenship. Plaintiff's claim, based on personal injuries (unlike a seaman's claim for wages) is not exempt by statute from set-off or recoupment on the part of the ship owner-employer.[3] Defendants should be permitted to minimize their liability to plaintiff by adjudicating, finally and in one law suit, the ultimate damages they must pay to plaintiff.

■ The proposed counterclaim cannot be interposed under Rule 13(a) because, despite the broad mandate in Moore v. New York Cotton Exchange [4] the claim contained in the proposed counterclaim is unrelated to plaintiff's claim against defendants. However, the proposed counterclaim may be entertained under Rule 13(b) as a permissive counterclaim; and there is adequate jurisdictional basis for it.

■ First, set off, recognized as a permissive counterclaim,[5] is an exception to the general rule that there must be an independent jurisdictional basis to support a permissive counterclaim.[6] In Marks v. Spitz,[7] the Court explained that exception in the following words:

"Where the counterclaim is in the nature of set-off, and is used defensively rather than affirmatively, no separate federal jurisdictional basis for the set-off need be established. 1 Moore, Federal Practice (1938), § 13.03, p. 696. * * * It is a counter-demand which a defendant has against the plaintiff arising out of a transaction extrinsic to that out of which the primary claim arose. * * * The claim must be liquidated or capable of liquidation and grow out of a contract or judgment."

In the present case, defendants have liquidated their claim against plaintiff by a settlement with the seaman who was injured by plaintiff. Defendants' liability to that injured seaman was based upon a contract implied in law, a warranty of seaworthiness.

■ Secondly, defendants' counterclaim is jurisdictionally permissible in view of the general maritime power of this Court.[8] Although plaintiff's action

1. Moore v. New York Cotton Exchange, 1926, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750; Goldstone v. Payne, 2 Cir., 1938, 94 F.2d 855; United States to Use, etc. of Foster Wheeler Corporation v. American Surety Co. of New York, D.C.E.D.N.Y. 1938, 25 F.Supp. 700.

2. Marks v. Spitz, D.C.Mass.1945, 4 F.R.D. 348.

3. Isbrandtsen Co. v. Johnson, 1952, 343 U.S. 779, 72 S.Ct. 1011, 96 L.Ed. 1294.

4. Supra. note 1.

5. See In re Monongahela Rye Liquors, Inc., 3 Cir., 1944, 141 F.2d 864, 869; Chicago Great Western Ry. Co. v. Peeler, 8 Cir., 1944, 140 F.2d 865, 869.

6. Telegraph Delivery Service v. Florists Tel. Service, D.C.S.D.N.Y.1952, 12 F.R.D. 342.

7. Supra, note 2, 4 F.R.D. at page 350.

8. The remedy for negligence granted by the Jones Act is not alternative to the

is brought on the civil side to recover under the Jones Act, this Court, having jurisdiction over the parties in such action, should entertain a counterclaim which seeks not to divest the Court of jurisdiction, but to affirm its power to hear an action founded essentially in admiralty.[9]

one afforded by the general maritime law but is cumulative, leaving the seaman free to plead either or both. Thus, is one action there may be joined allegations based upon the maritime liability for unseaworthiness, together with allegations of negligence under the Jones Act. Stalker v. Southeastern Oil Delaware, Inc., D.C.Del.1951, 103 F.Supp. 436; Erickson v. Shamrock Towing Co. Inc., D.C.S.D.N.Y.1948, 81 F.Supp. 850; German v. Carnegie-Illinois Steel Corporation, 3 Cir., 1946, 156 F.2d 977; Mullen v. Fitz Simons & Connell Dredge & Dock Co., 7 Cir., 1948, 172 F.2d 601, certiorari denied 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758.

This view was uniformly accepted until the opinion of the Court of Appeals for the Third Circuit in Jordine v. Walling, 1950, 185 F.2d 662. The Jordine case held that, in the absence of diversity of citizenship, a maritime claim for maintenance and cure was not jurisdictionally cognizable by a district court as a *civil* action brought and tried under the Federal Rules of Civil Procedure as distinguished from a suit in admiralty brought and tried under the Admiralty Rules; and that the district court, sitting on the *civil* side, did not acquire jurisdiction of such maritime claim merely because it was included in a complaint that also alleged a claim for negligence under the Jones Act.

The reasoning of the Jordine case was rejected by the Court of Appeals for the First Circuit in Doucette v. Vincent, 1952, 194 F.2d 834.

In Pope & Talbot Inc. v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, the Supreme Court indicated an awareness of the basic elements of the problem, but had no occasion to take a position with reference to it. See Paduano v. Yamashita Kisen Kabushiki Kaisha, D.C. E.D.N.Y.1954, 120 F.Supp. 304, affirmed 2 Cir., 1955, 221 F.2d 615; Wunderlich v. Netherlands Insurance Co., D.C.S.D. N.Y.1954, 125 F.Supp. 877.

In the Second Circuit, Gonzales v. United Fruit Co., 1951, 193 F.2d 479, indicated that the joinder of a Jones Act count with an admiralty count "has not been disapproved". Paduano v. Yamashita Kisen Kabushiki Kaisha, D.C. E.D.N.Y.1954, 120 F.Supp. 304, 313. But the opinion of the Court of Appeals for the Second Circuit in Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 1955, 221 F.2d 615 held that (1) in the absence of an employer-employee relationship, the Court did not have jurisdiction under the Jones Act to try an action by a stevedore for injuries against the ship owner and its cargo agent; (2) in the absence of diversity of citizenship, the Court did not have jurisdiction to try such an action on its *civil* side; and (3) since the case was based upon the general maritime law, it was cognizable only on the admiralty side of the Court.

9. The following statutes indicate that what is involved here is essentially a maritime relationship, subject to the ordinary rules applicable to such actions:

(1) 28 U.S.C. § 1333. *Admiralty, maritime and prize cases.*

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

(2) 28 U.S.C. § 2073. *Admiralty rules for district courts.*

Rule 15. *Assault or Beating—Remedies*

"In all suits for an assault or beating on the high seas, or elsewhere within the admiralty and maritime jurisdiction, the suit shall be in personam only." Admiralty Rules, 28 U.S.C.A.

(3) 18 U.S.C. § 113. *Assault within the maritime and territorial jurisdiction.*

18 U.S.C. § 114. *Maiming within maritime and territorial jurisdiction.*

Isbrandtsen Co. v. Johnson, 1951, 343 U.S. 779, 72 S.Ct. 1011, 96 L.Ed. 1294, involved a seaman's suit for earned wages. The defendant-ship owner counterclaimed for damages it sustained because of plaintiff's tortious assault upon a fellow seaman. The Supreme Court, in disallowing the set-off contained in the ship owner's counterclaim, assumed that the ship owner owed the assaulted seaman the duty of providing him with medical care and hospitalization. The Court stated, 343 U.S. at page 782, 72 S.Ct. at page 1014; "Also, we may assume, without deciding, that respondent owed petitioner an obligation to reimburse

Plaintiff's memorandum in opposition raises two issues: (1) that this "court lacks jurisdiction to entertain the proposed counterclaim"; and (2) that the "proposed counterclaim does not set forth facts upon which a claim can be made." In support of its first proposition, plaintiff cites Hurn v. Oursler.[10] That case is not determinative of the propriety of the counterclaim proposed herein. The Hurn case dealt with the doctrine of pendant jurisdiction: whether or not a valid federal cause of action carries with it a separate and distinct non-federal cause of action. The Supreme Court distinguished between a case where two distinct grounds—one federal and the other non-federal—existed in support of a single federal cause of action, and a case where two separate and distinct causes of action—one federal and the other non-federal—are pleaded. The Supreme Court decided that the plaintiff could not confer jurisdiction upon a federal court over a non-federal cause of action by the device of joining it in the complaint with a federal cause of action.

Two other cases [11] cited by plaintiff in support of its first proposition are likewise distinguishable. Thus, in Nye Rubber Co. v. V. R. P. Rubber Co., the Court rejected defendant's counterclaim because the cause of action arose out of the common law and not the laws of the United States. In Telegraph Delivery Service v. Florists Tel. Service, the issue was not simply the propriety of a counterclaim to be interposed between the original parties, but rather the application of Rule 13(h) to the motion to bring in new parties defendant who would, if added as parties, defeat the Court's diversity jurisdiction over the counterclaim, inasmuch as they were citizens of the same state as the plaintiff.

Plaintiff's cause of action, although brought on the civil side of the Court under the Jones Act, is actually rooted in a maritime relationship now implemented by statutory provisions.[12] Plaintiff seeks

---

petitioner for the expense which he thus thrust upon it by his unjustified attack upon a fellow seaman." However, the Court concluded that Congress had expressly exempted a seaman's *wages* from cross-claims asserted by his employer. The decision may support the inferential argument that, in the absence of a statutory prohibition, an employer's claim for damages based on a seaman's willful tort can be set-off against the seaman's *non-wage* claim.

10. 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

11. Nye Rubber Co. v. V. R. P. Rubber Co., D.C.N.D.Ohio 1948, 81 F.Supp. 635; Telegraph Delivery Service v. Florists Tel. Service, D.C.S.D.N.Y.1952, 12 F.R.D. 342.

12. Swanson v. Marra Bros. Inc., 1946, 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045, citing Federal Employers' Liability Act, § 1 et seq., 45 U.S.C.A. § 51 et seq.; 46 U.S.C.A. § 688; U.S.C.A.Const. Art. 1, § 8, cl. 18; Art. III, § 2.

Had plaintiff exercised his alternative election available under the Jones Act, the proposed counterclaim could not be questioned jurisdictionally. The election contemplated by the Jones Act is not between unseaworthiness and negligence, but is between "(1) an action against the ship without benefit of the Jones Act, and necessarily limited to a claim of unseaworthiness, and (2) an action against the employer under the Jones Act for negligence and under the general maritime law, for unseaworthiness. In other words, the seaman must choose between suing the ship and the employer, not between negligence and unseaworthiness." Platt v. Chesapeake & O. Ry. Co., D.C.N.D.Ohio 1948, 82 F.Supp. 968, 972.

Unseaworthiness of the vessel is the ground upon which, under certain circumstances, seamen have been permitted to recover in an admiralty action against employers for tortious assaults upon them by other members of the crew. The Rolph, 9 Cir., 1924, 299 F. 52. Later, this was extended so that a similar cause of action could be asserted under the Jones Act against the ship owner on the ground that the failure to select a competent crew constituted negligence. Jones v. Lykes Bros. Steamship Co. Inc., 2 Cir., 1953, 204 F.2d 815, certiorari denied 346 U.S. 857, 74 S.Ct. 72, 98 L.Ed. 370, rehearing denied 346 U.S. 905, 74 S.Ct. 217, 98 L.Ed. 404. See Kyriakos v. Polemis, D.C.S.D.N.Y.1945, 63 F.Supp. 19.

to obtain the benefits of the Jones Act, enacted for his protection as a seaman and, at the same time, to shield himself against his own alleged wrongdoing by using that statute defensively in order to bar defendants' attempt to minimize their damages.

In support of his second proposition, that the proposed counterclaim does not set forth facts sufficient to constitute a claim, plaintiff cites cases that deal with the impleading of third parties under F.R.C.P., Rule 14. Such cases do not involve the counterclaim provisions of Rule 13, where the dispute, as here, is solely between the original parties to the action.

There is no doubt that this Court, which has jurisdiction over plaintiff's Jones Act cause of action, also has—as a federal court—jurisdiction over the counterclaim as an admiralty cause of action. There can be no prejudice to plaintiff, either as a matter of pleading or of trial preparation or of trial itself, in permitting the interposition of the counterclaim, provided the counterclaim is treated substantively and procedurally as an admiralty cause. The granting by this Court of permission to interpose that admiralty cause as a counterclaim involves, at this point, a matter of pleading only. The interposition of that counterclaim in plaintiff's civil action does not automatically transmute the counterclaim into a civil cause of action. Thus, the transmutation of an admiralty cause into a civil cause by treating it jurisdictionally or trying it as a civil cause—which was proscribed in Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662 and Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 1955, 221 F.2d 615—is not involved in the case at bar.

In view of the foregoing, it may be appropriate to consider the matter of trial procedure applicable to the case after the counterclaim shall have been interposed. In the somewhat analogous situation where a complaint joins a Jones Act cause of action with an admiralty cause of action, the Jordine case suggested that the Jones Act cause of action should be tried before a jury while the admiralty cause of action should be tried in the absence of the jury, but before the same district judge. Jordine v. Walling, supra, 185 F.2d at page 671. See Wunderlich v. Netherlands Insurance Co., D.C., 125 F.Supp. 877, 879, note 7. The practice suggested by the Jordine case has been said to be contrary to "the practice followed in this district". Gonzales v. United Fruit Co., 2 Cir., 1951, 193 F.2d 479, 480, note 1. But in its most recent pronouncement, the Court of Appeals for the Second Circuit has expressed "agreement with the conclusion arrived at by the Third Circuit" in the Jordine case. Paduano v. Yamashita Kisen Kabushiki Kaisha, supra [221 F.2d 617]. Whether that agreement constitutes an endorsement of the trial procedure suggested in the Jordine case is not explicit.

█ In view of the foregoing, it would seem that the proposed counterclaim herein, based exclusively upon an admiralty cause and outside the purview of the Jones Act, should be tried without a jury. A parallel procedure is followed when legal and equitable causes are tried together.[13]

If the traditional solicitude of the law for seamen is to be extended to the point of immunizing all seamen's claims—nonwage as well as wage—against set-offs by seamen's employers, that result should be achieved by legislation and not by a judicial decision on a point of pleading and practice.

On the other hand, the granting of this motion will achieve one of the primary objectives of modern pleading and practice—the avoidance of multiplicity of ac-

---

13. See statement by District Judge (now Circuit Judge) Hincks in Ford v. C. E. Wilson & Co., D.C.Conn.1939, 30 F.Supp. 163, 165–166, quoted with approval in 5 Moore, Federal Practice (2d ed. 1950) 731.

tions and the comprehensive disposition in one litigation of all of the claims and cross-claims of the parties.

The motion to amend the answer is granted.