W. L. McKNIGHT, doing business as Arrowhead Exploration Company, Jesse E. Spencer, Snelling S. Robinson, Keith Robinson and Jack G. Howe, Plaintiffs,

v.

HALLIBURTON OIL WELL CEMENTING COMPANY, a corporation, Defendant.

Civ. A. No. 775–W.

United States District Court
N. D. West Virginia,
Wheeling Division.

July 24, 1957.

———◇———

Schmidt, Hugus & Laas and Henry S. Schrader, Wheeling, W. Va., and Walter F. Ball, New Martinsville, W. Va., for plaintiffs.

Steptoe & Johnson, James M. Guiher, Stanley C. Morris, Jr., Clarksburg, W. Va., and Robert O. Brown, Duncan, Okla., for defendant.

BOREMAN, District Judge.

This is an action for damages arising out of the alleged negligent cementing in, by the defendant, of an oil and/or

gas well owned by the plaintiffs on the "Wilson Burton Tract", Wetzel County, West Virginia, and designated as "Wilson Burton No. 1". The defendant has filed with its answer a counterclaim for the total sum of $4,711.42 for cementing work done by it for the plaintiffs on the well known as "Wilson Burton No. 1", and also for cementing work done by the defendant for the plaintiffs on a well designated as "Miller No. 1" located in Coshocton County, Ohio. The amount alleged to be due and owing the defendant on account of the "Wilson Burton No. 1" is $2,868.42, and on account of "Miller No. 1" the amount is $1,843. The plaintiffs first moved to dismiss the counterclaim but, in an amended motion to dismiss, alleged that this Court lacks jurisdiction thereof because the amount claimed for services rendered and materials furnished on the "Miller No. 1" well in Coshocton County, Ohio, is less than $3,000, exclusive of interest and costs. At the pre-trial conference, it was admitted and agreed by counsel for the plaintiffs that the items for services and materials furnished by the defendant in connection with the "Wilson Burton No. 1" well constituted a compulsory counterclaim under Federal Rules of Civil Procedure 13(a), 28 U.S.C.A., and the right of the defendant to plead this compulsory counterclaim was recognized without objection. Counsel for the defendant contended that the total amount of the compulsory counterclaim and the permissive counterclaim arising out of the items pertaining to the "Miller No. 1" well, being more than $3,000, should determine the jurisdictional amount. With this contention counsel for the plaintiffs disagreed.

The only question with which this opinion is concerned is whether or not the defendant may, in its counterclaim, join its claim in connection with the "Miller No 1" well with its claim in connection with the "Wilson Burton No. 1" well so as to make up the required jurisdictional amount.

■ The claim with respect to "Wilson Burton No. 1" well, arising out of the same transaction which is the subject matter of this action, is clearly a compulsory counterclaim under Rule 13 (a), Federal Rules of Civil Procedure, and it is well settled that such a compulsory counterclaim, being purely ancillary to the main action, does not require any independent jurisdictional grounds to support it and may be asserted despite the absence of such independent jurisdictional facts. Norton v. Agricultural Bond & Credit Corp., 10 Cir., 1937, 92 F.2d 348, and cases cited therein; Home Ins. Co. of New York v. Trotter, 8 Cir., 1942, 130 F.2d 800; Fraser v. Astra S. S. Corp., D.C.S.D.N.Y. 1955, 18 F.R.D. 240; Inter-State National Bank of Kansas City v. Luther, 10 Cir., 1955, 221 F.2d 382; United Artists Corp. v. Grinieff, D.C.S.D.N.Y. 1954, 15 F.R.D. 395; 3 Moore's Federal Practice (2d Ed. 1948) § 13.15.

■ The claim with respect to "Miller No. 1" is, at most, a permissive counterclaim under Rule 13(b), since it is a claim independent of and beyond the subject matter of the main action. The authorities are also clear that such a permissive counterclaim, standing alone, is not ancillary to the main action and must have an independent jurisdictional basis to support its assertion as a counterclaim. Marks v. Spitz, D.C.D.Mass. 1945, 4 F.R.D. 348; Jewish Consumptive Relief Soc. v. Rothfeld, D.C.S.D. N.Y.1949, 9 F.R.D. 64; Robinson Bros. & Co. v. Tygart Steel Products Co., D.C. W.D.Pa.1949, 9 F.R.D. 468; Telegraph Delivery Service v. Florists Tel. Ser., D.C.S.D.N.Y.1952, 12 F.R.D. 342; 3 Moore's, supra, § 13.20.

Here we have both a compulsory and a permissive counterclaim, neither, standing alone, involving the requisite jurisdictional amount. The compulsory counterclaim, standing alone, could be asserted. The permissive counterclaim, standing alone, could not be asserted. The question is—May they be joined to-

gether to make up the requisite jurisdictional amount. The Court has been unable to find any decided case directly in point, and counsel for both sides have reported that their searches have been fruitless.

■ There is authority for the proposition that a party may, as plaintiff, aggregate several claims or causes of action against a defendant to make up the jurisdictional amount, even though the separate claims, standing alone, are insufficient in amount. It is also clear that a defendant may do this in a counterclaim where he has several permissive claims. Rule 18(a); Provident Mutual Life Ins. Co. of Philadelphia v. Parsons, 4 Cir., 1934, 70 F.2d 863, and cases cited therein; Rainier National Park Co. v. Martin, D.C.W.D.Wash.1937, 18 F.Supp. 481; Green v. Fluor Corp., D.C.S.D.N.Y.1954, 122 F.Supp. 224; 3 Moore's, supra, § 18.07.

■ In the present case, it would appear that the defendant could aggregate its two separate claims against the plaintiffs in an original action. Is there any valid reason for refusing to allow it to do the same thing by a counterclaim? In 3 Moore's, supra, § 13.20, page 59, the author states:

"The defendant interposes a compulsory counterclaim that involves $1,500 and pleads a permissive counterclaim that involves $2,000. May the defendant aggregate the amounts involved in the compulsory and permissive counterclaims? If he were to proceed originally as a plaintiff he could aggregate and it would therefore seem to follow that aggregation should be permitted in this situation * * *."

Thus it may be seen that Prof. Moore is of the opinion that such claims may be aggregated. He weakens this opinion by adding:

"* * * there is less reason to support it here than in the situation where two permissive counterclaims are aggregated, since the compulsory counterclaim is so related to the main claim that it may be considered as a unit with that claim, and preclude its consideration and aggregation with the permissive counterclaim."

Reason and logic would seem to indicate that, in order to avoid a multiplicity of actions and settle the entire controversy between these parties in one action, the defendant should be permitted to aggregate the two claims here in question to make up the jurisdictional amount. Therefore, the plaintiffs' amended motion to dismiss defendant's counterclaim will be overruled and counsel for defendant are directed to prepare and submit for entry an order consistent herewith.