**MURPHY v. AMERICAN BARGE LINE CO.**
Civil Action No. 6693.

District Court, W. D. Pennsylvania.

March 4, 1948.

See also, 74 F.Supp. 886.

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiff.

Lucian Y. Ray, of Leckie, McCreary, Schlitz & Hinslea, all of Cleveland, Ohio, and Harold E. Harper, of Alter, Wright & Barron, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The jury, in this case, returned a verdict in favor of the defendant. The action is now before us on plaintiff's motion for a new trial.

This action is under the Jones Act, 46 U.S.C.A. § 688, to recover damages for personal injuries. The plaintiff, Otto J. Murphy, on December 1, 1946, was a seaman and was employed by the defendant in the capacity of a deckhand on the motor vessel, Duncan Bruce, owned and operated by defendant on the Ohio River. While the vessel was proceeding down stream at a point near Baden, Pennsylvania, plaintiff, in the performance of his duty, was carrying a ratchet on his shoulder and was proceeding from the motor vessel to a barge immediately attached thereto. While so doing he slipped and fell on the icy surface of the barge injuring the lower part of his back.

The reason relied upon by plaintiff for a new trial in his motion, is that the Court erred in excluding evidence as to the custom

or the practice in the industry to the effect that it is the duty and responsibility of a watchman or second mate, when picking up a barge to be attached to the vessel as part of its tow, to inspect said barge in order to determine if it is safe and if it is unsafe, to take the necessary precautions to render it safe.

The negligence alleged in the complaint upon which the plaintiff relied, is failure to properly light the area involved in the accident, in directing plaintiff to carry ratchets under dangerous and hazardous conditions, failure to scrape, salt or cinder the accumulated ice so as to render the area suitable and safe for working and failure to furnish plaintiff with a safe place to work.

Plaintiff offered to prove at the trial that it was the custom and duty of a watchman to inspect the barge for safety and if there are any icy conditions or other conditions rendering it unsafe, it is the duty of the watchman to correct the unsafe conditions before permitting his subordinate deckhands to go to work on the barge; and the failure of the watchman in this case to carry out that duty is a ground of negligence. Defendant objected thereto and the objection was sustained by the Court.

In 38 American Jurisprudence 1015, it is stated:

"The degree of care which is required of a person either to prevent injury to another or to protect himself is reasonable care under the circumstances. Although subject to certain qualifications, the rule is that upon the issue of negligence or contributory negligence, evidence of the ordinary practice and the uniform custom, if any, of persons in the performance under similar circumstances of acts like those which are alleged to have been done negligently is generally competent evidence. Evidence of custom is admissible to prove negligence as well as to disprove it."

In Cadillac Motor Car Co. v. Johnson, 2 Cir., 221 F. 801, 804, L.R.A. 1915E, 287 Ann.Cas. 1917E, 581 the Court stated:

"Even on the theory on which the case was tried, we think much evidence bearing upon the question of the exercise by the defendant of ordinary care was erroneously excluded, to its prejudice. The practice of the manufacturers of automobiles and of the trade as to the examination of wheels, while not controlling, was certainly relevant."

See Donnelly v. Lehigh Navigation Electric Co., 258 Pa. 580, 102 A. 219; 45 C.J. 706 and 709.

I am of the opinion that the objection to the offer should have been refused, therefore that the motion for a new trial should be granted.