**PLATT v. CHESAPEAKE & O. RY. CO.**

No. 3479.

United States District Court,
N. D. Ohio, E. D.

Nov. 15, 1948.

Wm. L. Standard, of Cleveland, Ohio, for plaintiff.

Russell V. Bleecker, of Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for damages for personal injuries under the Jones Act, 46 U.S. C.A. § 688.

It is alleged that libellant was a member of the crew of one of respondent's vessels when he sustained injuries on or about April 18, 1948, by being required to adjust a heavy car jack with inadequate assistance.

In the third paragraph of the libel, it is alleged, in part, that: "* * * he (libellant) carelessly and negligently had not been provided with assistance, causing the personal injuries complained of."

And in the fifth paragraph, it is alleged: "That the respondent and officers in charge of said vessel further failed to keep and maintain said vessel, its works, ways, means and equipment in a good, safe and seawor-

thy condition, and failed to give him a safe place in which to be at work, as a result of which libellant was caused to strain himself and to sustain his injuries as aforesaid."

The respondent has filed the following exceptions to the libel:

"1st. The libel seeks to invoke inconsistent remedies—that afforded by the Jones Act for negligences, and that afforded by the general maritime law for unseaworthiness.

"2nd. The words 'recklessness' and 'recklessly' appearing in the third paragraph of the libel constitute prejudicial surplusage.

"3d. The allegation that the libellant sustained 'severe and personal injuries in his abdomen' fails to state the nature of such abdominal injury and is so vague that to frame an intelligent answer is difficult if not impossible."

I. Respondent says that the remedies afforded by the Jones Act on one hand and the general maritime law on the other hand are inconsistent; that "under the Jones Act negligence is the gravamen of the case whereas the bare fact of unseaworthiness spells liability regardless of the presence or lack of negligences, so long as the unseaworthiness is the proximate cause of injury."

The elusive question is, and has been for some time, when, if, and under what conditions, must a seaman, bringing an action for personal injuries "elect" between basing his claim upon unseaworthiness of the vessel and upon the negligence of the owner or its officers or employees. Some say right away, some say later, and some say not at all.

Prior to the Jones Act, when a seaman suffered personal injuries in the service of his ship, the vessel and her owners were liable in admiralty for (1) his maintenance and cure and for his wages, at least until the end of the voyage; (2) an indemnity for the injuries if they were received as a result of the unseaworthiness of the ship or a failure to supply and keep in order the appliances of the ship. The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L. Ed. 760.

On the other hand, prior to the Jones Act, the seaman could not recover in admiralty (1) for injuries sustained through the negligence of another member of the crew, beyond maintenance and cure; or (2) an indemnity for the negligence of the master or any member of the crew, beyond maintenance and cure. The Osceola, supra.

In addition to his rights in admiralty under the maritime law, the injured seaman had the right of a common law remedy "where the common law is competent to give it". 28 U.S.C.A. 41(3) [now § 1333]. The fact that a seaman might choose a common law remedy did not alter the fact that his rights and the ship owner's liability under that remedy were governed solely by maritime law. Chelentis v. Luckenback S. S. Co., 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171. Commentary on Maritime Workers by Prof. Willock in 46 U.S.C.A. preceding section 688.

The Jones Act, 46 U.S.C.A. 688, provides as follows: "Recovery for injury to or death of seaman. Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

The loose wording of the Act gave rise to many cases requiring its construction by the courts. In construing the Act, the Supreme Court declared that it must be interpreted in harmony with the Con-

stitution, the Judicial Code and the maritime law.

In Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748, the Court held that the Jones Act "leaves the injured seaman free under the general law * * * to assert his right of action under the new rules on the admiralty side of the court." 264 U.S. at page 391, 44 S.Ct. at page 395.

The Panama case was an action at law under the Jones Act wherein the plaintiff sought damages for personal injuries sustained through the negligence of the employer. The defendant's principal argument was that the Jones Act was unconstitutional in that it restricted a seaman's action, under maritime law, to the law side of the court. The court's holding that under the Jones Act the seaman was free to proceed either in admiralty or at law removed this possible constitutional weakness.

In the Panama case, the Court made an observation upon which the respondent herein relies heavily in support of its motion: "Rightly understood, the statute neither withdraws injuries to seamen from the reach and operation of the maritime law, nor enables the seamen to do so. On the contrary, it brings into that law new rules drawn from another system and extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules. The election is between alternatives accorded by the maritime law as modified, and not between that law and some nonmaritime system." Id., 264 U.S. at pages 388, 389, 44 S.Ct. at page 394.

Well! that language gives some considerable color to respondent's contention; but wait for cases that follow.

In Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069, the Court held that a decree in admiralty was res judicata as to an action at law arising out of the same injury involved in the admiralty case. In the admiralty action, libellant had sought damages for an injury suffered, allegedly, as a result of negligence in failing to provide a safe place to work, and to use reasonable care to avoid striking libellant and by the unseaworthiness and insufficiency of the gear and tackle employed on the vessel. The admiralty court found that the accident was not due to the negligence alleged but to the negligent way in which the damage was removed from the hold and held that, by law, libellant was denied full indemnity but was entitled to maintenance and cure in the amount of $500 which amount was paid and the decree satisfied.

The seamen then brought an action at law against the shipowners for the same injury, alleging negligence on the part of the owners, officers and employees in the control and operation of the ship and its appliances. Defendant's plea of res judicata was sustained on the theory that the second case was based upon the same cause of action involved in the first case which was disposed of on its merits and hence was an absolute bar to the second action.

Bearing in mind that the first action alleged that the injury was caused by unseaworthiness, it appears from some of the language of the opinion that the court was suggesting that both unseaworthiness and negligence might be alleged in a libel in admiralty under the Jones Act.

In Plamals v. The Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827, the Supreme Court held that a seaman cannot bring an action under the Jones Act but a suit in rem in admiralty since the remedies of railway employees, which the Jones Act extends to seamen, do not include liens to secure their claims, liens being the basis of in rem proceedings in admiralty. The Plamals case is of some importance because of the court's elaboration of the statement concerning election in the opinion of the court in the Panama case, supra, "On the contrary, it (the Jones Act) brings into that law new rules drawn from another system and extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules." Panama R. Co. v. Johnson, 264 U.S. at page 388, 44 S.Ct. at page 394, 68 L.Ed. 748.

In the Plamals case, Mr. Justice McReynolds, speaking for the Court, said, 277 U.S. at page 156, 48 S.Ct. at page 458, 72 L.Ed. 827: "Seamen may invoke, at their

election, the relief accorded by the old rules against the ship, or that provided by the new against the employer. But they may not have the benefit of both."

■ The foregoing statement would indicate that the "election," referred to in the Jones Act, is not between an action based on negligence under the new rules and one based on unseaworthiness under the old rules, as the respondent herein urges, but that the election to be made is simply between (1) an action against the ship without benefit of the Jones Act, and necessarily limited to a claim of unseaworthiness, and (2) an action against the employer under the Jones Act for negligence and under the general maritime law, for unseaworthiness. In other words, the seaman must choose between suing the ship and the employer, not between negligence and unseaworthiness.

Pacific Steamship Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220, cited by respondent herein, was an action at law for negligence under the Jones Act. Defendant urged that since plaintiff had demanded and received wages, maintenance and cure under the general maritime law, plaintiff had made an "election" and could not now maintain an action for damages under the Jones Act. The Court held that recovery for maintenance and cure and wages does not preclude recovery of indemnity for injuries resulting from unseaworthiness or damages for injuries caused by negligence. Maintenance and cure and wages are rights arising from the contractual obligation of employment "independent of the right to indemnity or compensatory damages for an injury caused by negligence; and these two rights are consistent and cumulative." Id., 278 U.S. at page 138, 49 S.Ct. at page 77.

■ From what the court said in that case (Peterson) it does not follow that a seaman who has been injured due to the negligence of his employer and/or the unseaworthiness of the ship, cannot, in an action in admiralty against his employer, allege and prove both negligence and unseaworthiness. But, if the court finds that the proximate cause of the seaman's injuries was both negligence and unseaworthiness,

the seaman would be allowed to recover for either the damages arising from the negligence or the damages arising from the unseaworthiness but not both since, as the Court said in the Phillips and the Peterson cases, "there is but a single wrongful invasion of his primary right of bodily safety and but a single legal wrong * * * for which he is entitled to but one indemnity by way of compensatory damages." Pacific Steamship Co. v. Peterson, 278 U.S. at page 138, 49 S.Ct. at page 77.

Turning now to the decisions of the various Circuit Courts of Appeals, respecting the matter of election of remedies in actions by seamen for personal injuries, we find an opinion by Judge Swan speaking for himself and Judges L. Hand and A. Hand. In Skolar v. Lehigh Valley. R. Co., 2d Cir., 60 F.2d 893, the plaintiff brought an action at law for injuries suffered while performing his duties as a fireman on a tug. Plaintiff charged in his complaint that the failure to provide a guard rail on the platform from which he fell constituted negligence in that an unsafe place to work was provided and rendered the vessel unseaworthy. When plaintiff announced in the trial court that he was proceeding under the Jones Act, the Judge struck out allegations of unseaworthiness on the ground that the Act required an election "between rights under the statute and those under the former maritime law." Id., 60 F.2d at page 894. On appeal this ruling was challenged as erroneous and prejudicial. The Circuit Court held that the ruling was not prejudicial.

In Smith v. Lykes Brothers—Ripley, S. S. Co., Inc., 5 Cir., 105 F.2d 604, the injured seaman had recovered damages in an action at law under the Jones Act on the ground of negligence. He then brought a libel in admiralty for damages for failure to provide him with maintenance and cure. Respondent interposed a plea of res judicata, introducing the record of the prior action at law. The court held that the libellant could recover for maintenance and cure in an action separate from that for the recovery of damages for personal injuries. The court observed that the seaman was required to elect between an action for unseaworthiness under the mari-

time law and an action for personal injuries under the Jones Act. Again, however, as in the previous cases, no statement is made as to when the election must be made.

Benedict on Admiralty, 6th Edition, makes no definite statement as to the time of election.

In Branic v. Wheeling Steel Corporation, 3 Cir., 152 F.2d 887, plaintiff sued defendant at law for injuries which he suffered while employed as a seaman upon a steamer of the defendant. Defendant objected that the complaint was based upon the Jones Act yet the plaintiff had failed to meet the venue requirements of the Act by not bringing the action in the district wherein either defendant's residence or principal place of business was located. Plaintiff replied that the venue requirement should not apply since his cause of action was not based solely on the Jones Act but that he also averred that his injuries were the result of the unseaworthiness of the vessel. Plaintiff said that prior to the enactment of the Jones Act, a District Court could entertain an action at law based on unseaworthiness on the basis of diversity of citizenship and that in such case venue could be laid in the district of the plaintiff's residence. Plaintiff concluded that if the court had venue jurisdiction of part of his cause of action (unseaworthiness) it must have venue jurisdiction of the entire controversy. The court held, for reasons not important to this discussion, that the District Court had correctly held that it did not have venue jurisdiction. The court modified the dismissal, however, in the following manner:

"We think, however, that the dismissal of the complaint should have been conditioned upon the failure of the plaintiff within a specified period to amend the complaint by eliminating therefrom the allegations of negligence on the part of the master and crew as a cause of his injuries and as a basis for his claim for relief. It should be pointed out, however, that if he should so amend and ultimately suffer an adverse judgment that judgment would also bar any recovery by him under the Jones Act. Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. On the other hand, if he elects not to amend and the present complaint is dismissed for want of proper venue the judgment, not being on the merits, will not conclude his claim. Accordingly it will not operate to bar him from enforcing his cause of action both for unseaworthiness and negligence under the Jones Act in a court having proper venue jurisdiction in either a civil action or a suit in admiralty, provided he does so before the statute of limitations runs against his claim." Id., 152 F.2d at page 890.

Thus we have another observation by a court respecting the matter of election. The foregoing statement seems to indicate that, in that court's opinion, the plaintiff may enforce an action both for negligence under the Jones Act and for unseaworthiness in the same action in a court having proper venue under the Jones Act in admiralty or at law.

In not one of the cases cited thus far has the particular court's remarks concerning the question of election of remedies, as between negligence and unseaworthiness, been more than dicta. The only case in which a clear-cut decision on that issue is made, is German v. Carnegie-Illinois Steel Corp., 3 Cir., 156 F.2d 977. Plaintiff German was a striker-engineer on the Steamer J. L. Perry which plied the Ohio, Monongahela and Allegheny Rivers. While performing his duties of oiling the engines, German was walking along a footboard in front of the engines when he slipped and fell off the footboard to the deck below sustaining serious injuries. He brought an action at law in the District Court for the Western District of Pennsylvania "charging the shipowner with negligence under the Jones Act and with breach of warranty for unseaworthiness under general maritime principles." Plaintiff alleged negligence in that the seaman previously on duty had carelessly dropped oil on the footboard, and unseaworthiness on the ground that the shipowner had failed to provide a grab bar or guard rail along the footboard. During the trial, on motion of the defendant, the Judge ordered the plaintiff to elect as between the two causes of action, negligence and unseaworthiness. Plaintiff elected to proceed on the theory of negligence under the

Jones Act. The evidence was presented and the jury found for the defendant. Motion for a new trial was denied and the plaintiff appealed, claiming that the requirement to elect was prejudicial and reversible error. The Circuit Court sustained plaintiff's contentions and remanded the case for a new trial on both issues. The Circuit Court cited its earlier decision in Branic v. Wheeling Steel Corp., supra, wherein Judge Maris had said: " * * * it will not operate to bar him from enforcing his cause of action both for unseaworthiness and negligence under the Jones Act in a court having proper venue jurisdiction in either a civil action or a suit in admiralty * * *." German v. Carnegie-Illinois Steel Corp., 156 F.2d at pages 978, 979.

The Circuit Court also cited the case of Seas Shipping Co., Inc., v. Sieracki, 328 U. S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, wherein a longshoreman had sought to recover at law for injuries allegedly caused by negligence and unseaworthiness. The court sustained the Third Circuit Court of Appeals, 149 F.2d 98, which permitted plaintiff to recover on the ground of unseaworthiness although he had failed to prove his charge of negligence. It should be pointed out, however, that the question of election between negligence and unseaworthiness was not presented in the Sieracki case. There, the defendant only contended that the doctrine of unseaworthiness was peculiar to admiralty and could not be applied in an action at law. The Supreme Court held that "a right peculiar to the law of admiralty may be enforced either by a suit in admiralty or by one on the law side of the court." Id., 328 U.S. at page 88, 66 S.Ct. at page 874.

In the German case, 156 F.2d at page 979, the Court made the following statement which was a decision on merits and involved the same issue presented in the instant case:

"Obviously, there are thus two distinct issues to be tried. German was entitled to have the jury pass on both in accordance with established principles of negligence and general maritime law. If his proof can sustain either or both he may recover

damages—but, of course only one compensation for the injuries he suffered. This he was denied by the action of the learned court below."

■■■ It thus appears that an injured seaman has three possible remedies:

(1) In admiralty against the ship, without benefit of the Jones Act;

(2) At law against the shipowners and under the Jones Act or any other branch of the maritime law;

(3) In admiralty against the shipowners and under the Jones Act or any other branch of the maritime law.

The seaman must elect one of these three remedies. If he elects the first, he cannot allege negligence of a fellow seaman or the shipowner because the Supreme Court has held that the Jones Act does not apply to actions in rem in admiralty. Plamals v. The Pinar Del Rio, supra. After all this review I now am inclined to the opinion that the seaman may allege both negligence and unseaworthiness since the courts have held that rights under the Jones Act may be asserted at law or in personam, in admiralty, Panama R. Co. v. Johnson, supra, and also that rights peculiar to admiralty and the maritime law may be pursued either at law or in admiralty.

The weight of authority and reason are in libellant's favor and Exception No. 1 will be overruled on authority of Panama R. Co. v. Johnson, supra, Baltimore S.S. Co. v. Phillips, supra, Seas Shipping Co. v. Sieracki, supra, Branic v. Wheeling Steel Corp., supra, and German v. Carnegie-Illinois Steel Corp., supra.

■■ II. The libellant's use of the word "reckless" is not "Prejudicial surplusage". It would seem proper that libellant may allege, in good faith, whatever he pleases. Whether he will be able to prove the allegation is another matter. Exception No. 2 will be overruled.

■■ III. The allegation of "severe and painful personal injuries in his abdomen," while vague and completely lacking in technical description, is sufficient to enable respondent to prepare a responsive pleading. The precise nature of personal injuries, as far as my experience has

shown, does not come to issue at this early stage of pleading. Respondent may avail himself the discovery procedure provided by the General Admiralty Rules to obtain the information requested. Rules 31–33, 28 U.S.C.A.

IV. Respondent served a set of 14 interrogatories on the libellant who then filed objections to Interrogatories Nos. 10, 11, 12 and 14. The interrogatories, objections and rulings follow:

"10. Have you a criminal record in or about Manistee, Mich.?"

Objection: Irrelevant to questions raised in libel.

Ruling: From the record thus far, there appears to be no relevancy between the subject matter of this interrogatory and the probable issues in the case and therefore the objection will be sustained.

"11. If so, state the offenses of which you have been convicted with the approximate date of each conviction."

Objection: Same as for No. 10, above.

Ruling: Same as for No. 10, above.

"12. Were you employed in a cherry-picking job on or about August 1st, 1948?"

Objection: "The only basis upon which information as to employment subsequent to the injury can be relevant is to determine when the libellant returned to work. This information is sought and will be furnished under Interrogatory No. 13."

Ruling: Since the libellant may attempt to show that he sustained injuries, the effect of which continued after he returned to work, the requested information with respect to the nature of the work which he has performed since the accident would be relevant for the purpose of interrogatories. The objection will be overruled.

"14. State the names and addresses of all the persons or firms by whom you have been employed since your discharge from the Chicago Marine Hospital."

Objection: Same as for No. 12, above.

Ruling: Same as for No. 12, above.

Summary for those who may have become lost in the maze of legal concepts:

I. Exception to libel overruled.

II. Exception to libel overruled.

III. Exception to libel overruled.

IV. Objections to Interrogatories:
Objection to No. 10, sustained;
Objection to No. 11, sustained;
Objection to No. 12, overruled;
Objection to No. 14, overruled.