## MURPHY v. AMERICAN BARGE LINE CO.
### No. 161.

United States District Court
W. D. Pennsylvania.

Oct. 20, 1950.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Harold E. Harper (of Alter, Wright & Barron), Pittsburgh, Pa., Lucian Y. Ray (of Leckie, McCreary, Schlitz & Hinslea), Cleveland, Ohio, for defendant.

MARSH, District Judge.

The libel before this court on the respondent's exceptions claims damages for a seaman allegedly because of the negligence of the respondent and the unseaworthiness of the vessel upon which libellant was employed.

The respondent has excepted to the libel and asks for its dismissal upon the grounds that the libellant has elected the civil remedy under the Jones Act.

The libellant here filed a civil action at No. 6693 in this court on September 4, 1947, setting forth the same cause of action as is asserted in the libel now before this court. The case was tried to a jury and a verdict was returned for the defendant. On March 4, 1948, the court granted plaintiff's motion for a new trial, 76 F.Supp. 276. On October 7, 1948, the court denied the plaintiff's motion to transfer the case to the Admiralty side of the court, and in November, 1949, this libel was filed.

The law is well settled in this circuit and most recently in the second cir-

cuit that the "election" provided for by the Jones Act [1] is not an election between the maritime claim of unseaworthiness and a claim based upon negligence under the Act. Both may be asserted in the same action whether in Admiralty or at law.[2] The "election" specified by the Jones Act is between a trial by jury and a suit in Admiralty. This court is of the opinion that the seaman in this case made his election when the civil action No. 6693 was filed. See the Balado case, supra, 179 F.2d at page 945.

### ORDER

And now, to wit, October 20th, 1950, after hearing and consideration thereof, it is ordered and decreed that the Libel at No. 161 in Admiralty be, and hereby is dismissed.

1. "[That] any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury * * *." 46 U.S.C.A. § 688.

2. McCarthy v. American Eastern Corporation, 3 Cir., 1949, 175 F.2d 724; Balado v. Lykes Brothers S. S. Co., 2 Cir., 1950, 179 F.2d 943.