Corden E. YATES

v.

Rodney H. DANN, Ruby M. Dann and R. H. Dann Towing and Lighterage Company, Appellants.

Nos. 11439, 11440.

United States Court of Appeals Third Circuit.

Argued April 18, 1955.

Decided May 20, 1955.

Stewart Lynch, Wilmington, Del. (J. Webster Jones, Philadelphia, Pa., Samuel Handloff, Wilmington, Del., on the brief), for appellants.

Abraham E. Freedman, Philadelphia, Pa. (Henry A. Wise, Jr., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

On the night of April 16, 1946, the mate in charge of appellants' tugboat Neptune then engaged in dredging operations in the Cape Fear River near Wilmington, North Carolina, had his right foot and ankle seriously injured when he attempted to slack off a line to some pontoons the tug was towing. Because the particular line had not been properly fastened by the deckhand on the tug, it ran out on him and caught his leg, crushing it against the starboard bitt.[1]

There are two separate appeals resulting from this same unfortunate accident. The first is by the defendant-appellant from a judgment awarding plaintiff $31,321.00 for injuries in a Jones Act suit, docketed in the district court as Civil Action No. 1051. Appellee, on the theory that the case is de novo before us, contends on this appeal that the percentage of contributory negligence allowed by the district judge was too high and that therefore the damages awarded him were inadequate. In the second, appellant dissatisfied with the amount of the judgment of $2,821.00 in favor of libellant in his suit for maintenance and cure docketed as No. 1634 in Admiralty, brings it to us. Appellee, while not cross appealing, complains that the award was too low.

---

1. A vertical post on ships used to fasten cables, ropes, and the like.

Appellee's Jones Act complaint charged that appellants' crew member, the deckhand, was negligent and their vessel unseaworthy. Appellants defended on the theory that appellee's own negligence was either the sole or contributory factor to the accident. A jury trial was demanded and obtained. Both issues of liability were decided in appellee's favor but the jury, as shown by its answers to interrogatories, failed to follow the court's express instructions and awarded appellee only $910.00 in damages. Over objection of appellants' counsel, the district judge granted a new trial limited to the issue of damages. In an attempt to avoid reproving a considerable amount of the first trial evidence, appellee suggested that the function of the jury be limited to a decision on gross damages and that the trial judge determine the amount of contributory negligence to be used in mitigation under the applicable law.[2] Appellants refused to so stipulate.

Appellee then moved to have the suit transferred to admiralty. This motion was granted over appellants' opposition. Sitting in admiralty without a jury, the district court determined the issue of damages on the basis of new evidence plus the evidence already introduced at the jury trial. It found that appellants were 40% responsible for the accident and applied the rule of comparative negligence accordingly. Appellants contend that this procedure deprived them of their right to a trial by jury on the damage and comparative negligence features of the case. We agree.

██ Rule 38(d) of the Federal Rules of Civil Procedure, 28 U.S.C., provides that:

"A demand for trial by jury * * * may not be withdrawn without the consent of the parties."

Such a demand was made by the plaintiff. It therefore "operated as a demand by the defendant also unless withdrawn by his consent, which was not given." Bass v. Hoagland, 5 Cir., 1949, 172 F.2d 205, 209, certiorari denied 1949, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494. Any attempt to withdraw the demand without the respondents' consent could not succeed. Thiel v. Southern Pac. Co., 9 Cir., 1945, 149 F.2d 783, 787, reversed on other grounds, 1946, 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181.

██ There is nothing in the Jones Act or in the peculiar procedural circumstances of this litigation which alters the application of this fundamental guarantee. The Jones Act, 46 U.S.C.A. § 688, under which the complaint was brought provides:

"Any seaman who shall suffer personal injury in the course of his employment *may, at his election, maintain an action for damages at law, with the right of trial by jury,* and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; * * *." (Emphasis supplied.)

While the emphasized language of the statute does not force a seaman to choose between negligence and unseaworthiness as the basis of his action, it does require him to make "an election of remedies as between a suit in admiralty and a civil action." McCarthy v. American Eastern Corporation, 3 Cir., 1949, 175 F.2d 724, 726, certiorari denied 1949, 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532. The election required is "between a trial by jury and a suit in admiralty." Balado v. Lykes Bros. S. S. Co., 2 Cir., 1950, 179 F.2d 943, 945.

When that election becomes irrevocable is not our problem. It is possible

---

**2.** The Federal Employers' Liability Act, 45 U.S.C.A. § 53, made applicable to seamen by the Jones Act, 46 U.S.C.A. § 688, provides that:

"* * * the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee * * *."

that a seaman who has already instituted an action at law may still begin an entirely new suit in admiralty on the same legal basis. See Stalker v. Southeastern Oil Delaware, D.C.D.Del.1951, 103 F.Supp. 436; but cf. Murphy v. American Barge Line Co., D.C.W.D.Pa. 1950, 93 F.Supp. 653. It may also be true that the "spirit of modern pleading" will allow a claimant to transfer his whole case from the law side to admiralty at any time before trial. Civil v. Waterman Steamship Corporation, 2 Cir., 1954, 217 F.2d 94, 97; see Cannella v. Lykes Bros. S. S. Co., 2 Cir., 1949, 174 F.2d 794, 797, certiorari denied 1949, 338 U.S. 859, 70 S.Ct. 102, 94 L.Ed. 526. But if the election required by the Jones Act means anything at all, it must mean that a plaintiff suing under its provisions cannot in the same action have the issue of defendant's liability tried at law with a jury and the issue of damages resulting from the identical liability tried by the court in admiralty without a jury. That is precisely what happened here.

■ By transferring only part of the case to admiralty, the district court deprived appellants of their right to have the issue of damages determined by a jury, as originally requested. The civil action must therefore be remanded for a jury trial on that issue.

■ In deciding the issue of damages, the jury will of necessity hear again the evidence bearing on the relative negligence of the parties in order to apply the comparative negligence rule. Federal Employers' Liability Act, 45 U.S.C.A. § 53;[3] Jacob v. City of New York, 1942, 315 U.S. 752, 755, 62 S.Ct. 854, 86 L.Ed 1166; Socony-Vacuum Oil Co. v. Smith, 1939, 305 U.S. 424, 431, 59 S.Ct. 262, 83 L.Ed. 265. We do not understand the order for a partial retrial to be to the contrary, particularly since the district judge has previously and properly decided that this rule enters into the damage phase of this action.

■ Appellants also contend that appellee did not present a claim on which he was entitled to recover at all either because of negligence on appellants' part or because of unseaworthiness of appellants' vessel. On this point there is sufficient evidence in the record to support the jury's finding of liability.

The second appeal is from the district court's award of $2,821.00 in the separate admiralty action for maintenance and cure.

■ On the facts, the district court's finding that libellant was still in need of medical care and attention at the time of the trial is not "clearly erroneous." See McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6. That being the situation, the circumstance that appellee was forced by financial necessity to return to his regular employment is not legally a bar to his recovery. Koslusky v. United States, 2 Cir., 1953, 208 F.2d 957, 959.

■ Appellee's contention that he is entitled to the full $18,206.00 claimed regardless of any duplication in the Jones Act recovery was properly decided against him by the district court. McCarthy v. American Eastern Corporation, 3 Cir., 1949, 175 F.2d 727, certiorari denied 1950, 338 U.S. 911, 70 S.Ct. 349, 94 L.Ed. 561. Pacific S. S. Co. v. Peterson, 1928, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220, involving an election of remedies, is not to the contrary.

■ However, because the district judge did reduce the amount claimed for maintenance and cure in accordance with the amount he had already allowed in the civil action, we are now unable to say whether the final award is the correct one. Therefore the maintenance and cure judgment must also be remanded so that the district judge will have that matter open before him pending the jury decision on the damage and contributory negligence aspects of the civil action.

3. Quoted in footnote 2, supra.

The judgment in the Jones Act suit, Civil Action No. 1051, will be reversed and the judgment in the maintenance and cure action, No. 1634 in Admiralty, will be vacated. Both judgments will be remanded for proceedings not inconsistent with this opinion.