Evelyn McAFOOS and William Neff, Plaintiffs,

v.

The CANADIAN PACIFIC STEAMSHIPS, Ltd., and the Canadian Pacific Railway Co., Defendants.

United States District Court
S. D. New York.
July 6, 1956.

Cooper, Ostrin & DeVarco, New York City, for plaintiffs. Richard Gyory, New York City, of counsel.

Bleakley, Platt, Gilchrist & Walker, New York City, for defendants. Ernest S. Ballard, Jr., New York City, of counsel.

LEVET, District Judge.

This is an action under the Jones Act, 46 U.S.C.A. § 688, to recover for personal injuries claimed to have been sustained by plaintiff, Evelyn McAfoos, as a result of the alleged negligence of the defendants and the unseaworthiness of the vessel, the S. S. Empress of Scotland. The complaint also includes a claim for maintenance and cure. Plaintiff McAfoos is a magician's assistant, and plaintiff, William Neff, is a magician. They alleged that while they were employed by the defendants as members of the entertainment crew and staff of the S. S. Empress of Scotland, plaintiff McAfoos fell through an open hatch on said vessel. Plaintiff Neff seeks to recover for the curtailment of his busines relationship with Evelyn McAfoos, alleged to have

been caused by defendants' negligence and the unseaworthiness of the aforesaid vessel.

Defendants have moved to dismiss the complaint on the ground that prior to the institution of this action, the plaintiffs had commenced an admiralty action (No. 186–206) against the same defendants for the identical causes of action as alleged herein and that said action is presently pending in this Court. Defendants' motion to dismiss the complaint is predicated on the theory that the commencement of the suit in admiralty by plaintiffs constituted an election of remedies under the Jones Act, and on the further ground that there is another action pending in this Court for the same relief as is sought herein. Plaintiffs argue that no election had been made by them because they did not incorporate the Jones Act in their admiralty suit and that they did not allege in said suit that they were employed by the defendants.

■ Although plaintiffs contend that in their admiralty suit they have not alleged facts relating to employment, it is clear that they are relying upon an employer-employee relationship in said suit. Plaintiff McAfoos alleges in the admiralty suit that she was a member of the entertainment crew and staff of the S. S. Empress of Scotland, and, in addition to her other claims, she seeks to recover in said suit for maintenance and cure. The right to maintenance and cure is conferred by general maritime law and is contractual in the sense that it has its origin in, and is an incident to, the contract of employment. Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S. Ct. 173, 77 L.Ed. 368. It is a right given by general maritime law in consequence of the seaman's status under his contract of employment between the seaman and the shipowner. The term "seaman" is not limited to those who can "hand, reef, and steer" and has been extended to include a person employed as an entertainer on board a vessel. The Sea Lark, D.C.Wash.1926, 14 F.2d 201.

■ Plaintiffs have also alleged in their admiralty suit a cause of action for negligence on the part of the defendants, their agents and employees. Plaintiffs now claim that they do not rely upon the Jones Act in said suit. It should be observed that, absent the relief provided by the Jones Act, a seaman cannot sue a shipowner in admiralty for negligence. The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760.

■ Manifestly, if plaintiffs are permitted to proceed in both actions, a judgment in one is res judicata with respect to the other. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. Plaintiffs cannot expect to obtain a double indemnity by fostering twin actions. The issue presented here, however, is whether plaintiffs are deemed to have elected to pursue their rights in admiralty rather than at law.

The Jones Act, 46 U.S.C.A. § 688, provides that "Any seaman who shall suffer personal injury in the course of his employment may, *at his election*, maintain an action for damages at law, with the right of trial by jury * * *." [Emphasis added.] Prior to the enactment of the Jones Act in 1920, a vessel and its owners were liable in admiralty to seamen who were injured in the service of the ship for their wages, maintenance and cure, and compensation for injuries received as a result of the unseaworthiness of the ship or its equipment. The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760. The seamen could not recover an indemnity for the negligence of the master, or any member of the crew, beyond maintenance and cure. The Osceola, supra. In any personal injury action for damages brought by seamen prior to the Jones Act, the affirmative defenses of assumption of risk, the fellow-servant rule, or contributory negligence, could be availed of by the employer. The Jones Act permits injured seamen, at their election, to maintain an action at law for damages for personal injury caused by the negligence of the employer and the aforementioned affirmative defenses were abolished. A seaman's right to elect to sue under the Jones Act also extends to suits in admiralty. See Pan-

ama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748.

It is now also well established that a plaintiff may claim damages under the Jones Act for negligence, or under the maritime law for unseaworthiness and that he may join both causes of action in a single suit without being deemed to have made an election between them. McCarthy v. American Eastern Corporation, 3 Cir., 1949, 175 F.2d 727; Balado v. Lykes Bros. S. S. Co., 2 Cir., 1950, 179 F.2d 943; Yates v. Dann, 3 Cir., 1955, 223 F.2d 64; Williams v. Tide Water Associated Oil Co., 9 Cir., 1955, 227 F.2d 791. The election contemplated by the Jones Act is "between a trial by jury and a suit in admiralty." Balado v. Lykes Bros. S. S. Co., supra, 179 F.2d at page 945. Thus, it is said that an injured seaman has three remedies: "(1) In admiralty against the ship, without benefit of the Jones Act; (2) At law against the shipowners and under the Jones Act or any other branch of the maritime law; (3) In admiralty against the shipowners and under the Jones Act or any other branch of the maritime law." Platt v. Chesapeake & O. Ry. Co., D.C.Ohio 1948, 82 F.Supp. 968, 974.

In the case at bar the plaintiffs clearly indicated by commencing their admiralty suit that they elected to sue in admiralty against the shipowners rather than at law. Their position is not unlike that of the plaintiff in Murphy v. American Barge Line Co., D.C.W.D.Pa.1950, 93 F. Supp. 653, where an injured seaman instituted a civil action against the owner of a vessel, alleging negligence and unseaworthiness. He thereafter filed a libel against the same owner for the same causes of action as asserted in the civil action. The Court held that the seaman made an election when he commenced his civil action and, therefore, dismissed the admiralty suit. Since the recovery which the plaintiffs seek in this action is identical to that which is sought in their admiralty action, they are deemed to have made their election when they filed their suit in admiralty. See Jonassen v. Norwegian American Line, Inc., D.C.S.D.

N.Y.1952, 105 F.Supp. 510. To require the defendants to plead to and defend two separate suits commenced by the same plaintiffs against the same defendants predicated on identical causes of action would be unduly vexatious. See Paluchowska v. United States Lines Co., Inc., D.C.S.D.N.Y.1950, 93 F.Supp. 751.

Defendants' motion to dismiss the complaint is, therefore, granted.

Settle order on notice.