John A. WOUNICK, Appellant,

v.

PITTSBURGH CONSOLIDATION COAL COMPANY.

No. 13117.

United States Court of Appeals
Third Circuit.

Argued April 7, 1960.

Decided June 17, 1960

Rehearing Denied July 20, 1960.

Harry Alan Sherman, Pittsburgh, Pa. (S. Eldridge Sampliner, Lawrence S. Levy, Cleveland, Ohio, on the brief), for appellant.

Harold R. Schmidt, Pittsburgh, Pa. (Jack W. Plowman, Rose, Houston, Cooper & Schmidt, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and FORMAN, Circuit Judges.

STALEY, Circuit Judge.

Did the district court err in granting defendant's motion for a directed verdict upon the ground that the statute of limitations under the Jones Act, 46 U.S.C.A. § 688, had run where the seaman's complaint contained a negligence count and an unseaworthiness count?

A complaint was filed by John A. Wounick on January 26, 1956. It contained three counts, one under the Jones Act for negligence, another for unseaworthiness, and the last for maintenance and cure.[1] The second defense set forth in the answer thereto alleged that the court did not have jurisdiction over the second and third "causes of action, the same being exclusively cognizable in an action instituted under the admiralty and maritime laws." No defense of the statute of limitations or laches was raised in the answer, however.

There apparently was some question as to the exact date of the accident, and the plaintiff, in his complaint, merely alleged that the date of the accident was "solely within the knowledge of the defendant which date defendant refuses to divulge, during the early months of the winter of 1953." Although a motion to produce and inspect numerous documents was filed on May 21, 1956, and later withdrawn pursuant to stipulation of the parties, plaintiff states in his appellate brief that the exact date of the accident, i. e., January 13, 1953, was unknown to him prior to trial.[2] At the conclusion of its case, the defendant moved for a directed verdict on the grounds, inter alia, that the complaint was filed too late. The motion was granted and judgment entered on April 23, 1959.[3] Subsequently, plaintiff filed a motion to open judgment and for a new trial, which was denied by the court.

Plaintiff contends that the district court was in error in applying the Jones Act period of limitations to the unseaworthiness count and that the court improperly applied the doctrine of laches, which is applicable thereto.

Defendant maintains that the instant appeal is governed by principles laid down in Yates v. Dann, 3 Cir., 1955, 223 F.2d 64, and that plaintiff, having made an election to proceed under the Jones Act on the civil side of the court and having failed, is barred from now proceeding with his cause of action *in ad-*

1. The record fails to disclose any disposition of the count for maintenance and cure, and thus that issue is not before us.

2. Plaintiff's Exhibit No. 7, "Employer's Report of Industrial Injury," which plaintiff undoubtedly obtained from the defendant sometime prior to trial, indicates that the accident occurred on January 13, 1953.

3. Although the court in granting the motion did not indicate specifically the grounds for so doing, it is apparent to us that it was granted upon the ground of the statute of limitations under the Jones Act since the court based its refusal to grant a new trial on that ground. Further, the parties in their briefs in this case neither raise nor discuss any other grounds.

*miralty*. In Yates v. Dann, supra at page 67, we stated:

> " * * * It may also be true that the 'spirit of modern pleading' will allow a claimant to transfer his whole case from the law side to admiralty at any time before trial. [Citing cases.] But if the election required by the Jones Act means anything at all, it must mean that a plaintiff suing under its provisions cannot in the same action have the issue of defendant's liability tried at law with a jury and the issue of damages resulting from the identical liability tried by the court in admiralty without a jury."

█ Without retreating from the principle set forth in the Yates case, we are convinced that it is inapplicable to the case at bar. The Jones Act provides that

> " * * * Any seaman who shall suffer personal injury in the course of his employment may, *at his election*, maintain an action for damages at law, with the right of trial by jury * * *." (Emphasis supplied.)

The election granted by the Jones Act confers a valuable right upon a seaman and not a mere formal one. Analysis of the facts of this litigation indicates that, in fact, plaintiff, when he filed his claim, never had any subsisting rights under the Jones Act. As we recently had occasion to state in Claussen v. Mene Grande Oil Company, 3 Cir., 1960, 275 F.2d 108, 110, " 'The three year statute of limitations, 45 U.S.C.A. § 56, under the Jones Act is implacable in its terms * * *. The lapse of three years between the date of injury and the date of suit extinguishes the right of action.' [D.C., 163 F.Supp. 779, 781.] Accord Engel v. Davenport, 1926, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Damiano v. Pennsylvania R. Co., 3 Cir., 1947, 161 F.2d 534; Bell v. Wabash R. Co., 8 Cir., 1932, 58 F.2d 569." At the time the claim was filed by plaintiff here, the three-year statute of limitations having run, all rights under the Jones Act had been extinguished. Plaintiff's only available remedy for his cause of action, which was in part grounded on a right based on the ancient maritime law, was in admiralty. It can thus hardly be said that plaintiff exercised an election, or made a choice between remedies when actually there was only one remedy available. The principle set forth in Yates v. Dann is therefore inapposite for there an election was made between two equally available remedies.[4] We think that, in these circumstances, the cause should have been transferred to the admiralty side of the court, and the doctrine of laches applied. See Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662.[5]

█ The district court, in an unreported opinion on the motion to open judgment and for a new trial, recognized that the Jones Act statute of limitations does not apply directly to the unseaworthiness count but applied it by analogy as a basis for holding that laches barred that maritime cause of action. Thus there is a recognition by the district court, albeit sub silentio, with which we agree, that the complaint

---

4. Similarly, the doctrine of pendent jurisdiction is not applicable for the running of the statute of limitations extinguished the Jones Act right, not merely the remedy, and therefore there was nothing to which the maritime action could attach. Thus, since there was no diversity of citizenship between the parties, there was no jurisdiction on the civil side of the court. See Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662.

5. See Mahnich v. Southern S.S. Co., D.C. E.D.Pa.1941, 45 F.Supp. 839, affirmed per curiam, 3 Cir., 1942, 129 F.2d 857, reargued and affirmed, 3 Cir., 1943, 135 F.2d 602, reversed 1944, 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561. In that case the Supreme Court recognized that although the statute of limitations had run on a possible Jones Act claim, the seaman could pursue his cause of action in admiralty grounded on a right based upon the maritime law. See also dissenting opinion of Justice Frankfurter, Mitchell v. Trawler Racer, Inc., 1960, 362 U.S. 539, 80 S. Ct. 926.

adequately spells out a cause of action in admiralty. Further, the district court, recognizing that the Jones Act statute of limitations was not strictly applicable, relied on a portion of the concurring opinion of Justice Brennan in McAllister v. Magnolia Petroleum Co., 1958, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed. 2d 1272. It was there stated, 357 U.S. at page 229, 78 S.Ct. at page 1206, that "Just as equity follows the law in applying, *as a rough measure of limitations*, the period which would bar a similar action at law, see Russell v. Todd, 309 U.S. 280, 287 [60 S.Ct. 527, 84 L.Ed. 754], I think that the maritime cause of action for unseaworthiness could be measured by the analogous action at law for negligence under the Jones Act, 46 U.S.C. § 688." (Emphasis supplied.) Rather than being a new departure in the maritime law, this opinion appears to be in accord with the well-established equity principles long applied by our admiralty courts. Kane v. Union of Soviet Socialist Republics, 3 Cir., 1951, 189 F.2d 303, certiorari denied 1952, 342 U.S. 903, 72 S.Ct. 292, 96 L.Ed. 676; Loverich v. Warner Co., 3 Cir., 118 F.2d 690, certiorari denied 1941, 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535. As was stated in the latter case, 118 F.2d at page 693, "The analogy to the statute of limitations, however, is only an analogy and not a rule. [Citing case.] 'Laches consists of two elements, inexcusable delay in instituting suit and prejudice resulting to the defendant from such delay. Its existence depends upon the equities of the case, and not merely upon the lapse of time.'" The record in this appeal, however, fails to disclose that the district judge exercised his discretion in dismissing the unseaworthiness count on the basis of laches. Rather it appears that he felt bound to dismiss it inasmuch as the analogous Jones Act statute of limitations had run. The case must, therefore, be returned to the district court for a full consideration of all the relevant facts pertaining to laches, e. g., that the defendant had knowledge of the accident from the day of its occurrence; that it had a list of possible witnesses from the same date; and that the complaint (libel) was filed only thirteen days following the running of the analogous three-year statute of limitations. On remand the plaintiff should also be granted an opportunity to amend his libel and plead any additional facts negativing prejudice and excusing his delay. See Kane v. Union of Soviet Socialist Republics, supra, and Loverich v. Warner Co., supra.

The judgment will be reversed and the cause remanded for further disposition not inconsistent with this opinion.